[No. D004686. Fourth Dist., Div. One. Dec. 24, 1986.]

HAROLD E. CHAMBERLIN, Plaintiff and Respondent, v.
DALE'S R.V. RENTALS, INC., et al., Defendants and Appellants.

Counsel

Hart & Hardy, Stephen P. Wiman, Elizabeth Allen White and Gerald W. Newhouse for Defendants and Appellants.

Aurora Dawn Harris for Plaintiff and Respondent.

Opinion

**KREMER, P. J.**—Defendants Dale's R.V. Rentals, Inc. and Dale Lissner (Dale's) appeal an order determining the amount of the appeal undertaking posted by Dale's to be insufficient and requiring Dale's to increase the undertaking amount to cover attorney fees awarded plaintiff Harold Chamberlin. We affirm the order.

I

In June 1982 the parties executed a recreational vehicle consignment agreement for Dale's to rent Chamberlin's recreational vehicle to Dale's customers. The parties' agreement provided: "If any action at law or in equity is necessary to enforce or interpret the terms of this agreement, the prevailing party shall be entitled to reasonable attorney's fees, costs and necessary disbursements in addition to any other relief to which such party may be entitled."

In September 1983 Chamberlin sued Dale's. In August 1985 the jury awarded Chamberlin $13,500 compensatory damages and $41,500 punitive damages against Dale's for breach of contract, conversion and breach of fiduciary duty. The court entered judgment favoring Chamberlin against Dale's.

In August 1985 Chamberlin filed a memorandum of costs claiming $15,307.47 including $13,450.50 "Attorney fees by contract." Dale's moved to tax costs. After hearing, the court denied Dale's motion and awarded Chamberlin the amounts he claimed.

In October 1985 Dale's appealed the judgment favoring Chamberlin and the orders denying Dale's motions to tax costs, for judgment notwithstanding the verdict and for new trial.

In November 1985 Chamberlin recorded an abstract of judgment for $70,307.47.

In January 1986 Dale's filed an $82,500 corporate surety's undertaking for appeal and stay of execution. (Code Civ. Proc.,[1] § 917.1.) Objecting to the sufficiency of Dale's undertaking, Chamberlin filed a motion asking the court to increase the undertaking's amount. (§ 995.910 et seq.) Dale's opposed Chamberlin's motion. On March 3, 1986, after hearing, the court found Dale's undertaking was insufficient in amount and ordered Dale's to post a $102,675.75 undertaking. Dale's appeals the March 3, 1986, order.[2]

## II

Civil Code section 1717 provides in pertinent part: "(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the prevailing party, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.

". . . . . . . . . . . . . . . . . . . . .

"Reasonable attorney's fees shall be fixed by the court, upon notice and motion by a party, and shall be an element of the costs of suit."

Section 1033 reads in relevant part: "The clerk or judge shall include in the judgment . . . the costs, if the same have been taxed or ascertained. . . . The clerk or judge shall, within two days after the costs are tried or ascertained, if not included in the judgment, insert the same in a blank left in the judgment for that purpose, . . ."

Under section 916, perfecting an appeal stays execution of a judgment except in those cases mentioned in sections 917.1 through 917.9 and section 117.7. Under section 917.1, perfecting an appeal does not stay execution of a judgment for money or directing the payment of money unless an undertaking is given for double the judgment amount or one and one-half times the judgment amount if given by an admitted surety insurer.

Dale's cites *Imperial Beverage Co.* v. *Superior Court* (1944) 24 Cal.2d 627, 631 [150 P.2d 881], *Whitaker* v. *Title Ins. etc. Co.* (1918) 179 Cal. 111, 115 [175 P. 460], and *McCallion* v. *Hibernia etc. Society* (1893) 98 Cal. 442, 445 [33 P. 329], as holding an appellant need not post an appeal bond to

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise specified.

[2] On April 14, 1986, we granted Dale's petition for writ of supersedeas staying the order increasing the amount of the undertaking. The original undertaking was to remain in effect.

stay execution of a judgment with respect to costs because perfecting an appeal automatically stays enforcement of any cost award. Dale's contends the attorney fees awarded Chamberlin are defined as costs by Civil Code section 1717 and thus need not be bonded on appeal. However, we find the superior court properly ordered Dale's to increase the amount of the appeal undertaking to cover the attorney fee award favoring Chamberlin. *Imperial Beverage, Whitaker* and *McCallion* do not compel a contrary result. Indeed, our holding is consistent with the reasoning in these three early cases.

■ Civil Code section 1717 designates the attorney fees awarded Chamberlin as an element of costs. Although such attorney fees are costs, they are nonetheless included as part of the judgment. (§ 1033.) ■ Generally, perfecting an appeal stays execution of a judgment and no undertaking is required. (§ 916.) Under section 917.1's exception to section 916, an undertaking is required to stay execution of a judgment for money or directing the payment of money. Construing former statutes similar to sections 916 and 917.1, the early cases cited by Dale's excluded from the statutory money judgment bond requirement awards of incidental costs even though those awards may have been technically part of the judgment. The rationale was that to do otherwise would convert a limited bonding requirement into a rule that virtually all cases be bonded on appeal since virtually all involved cost awards of some type. None of these early cases considered whether an award of attorney fees came within that rationale. On examination, we believe the reason those cases state for excluding incidental costs from the bonding requirement in money judgment appeals does not apply to attorney fees deemed costs under section 1717. Accordingly, the money judgment bonding requirement of section 917.1 applies.

In *McCallion* v. *Hibernia etc. Society, supra,* 98 Cal. 442, the California Supreme Court construed former sections 942 and 949. Former section 949 provided the ordinary $300 appeal bond stayed execution in all cases except those mentioned in former sections 942 through 945. Former section 942 required an appeal bond to stay execution of a judgment directing payment of money. The court in *McCallion* held an undertaking was not required to stay execution of the portion of a judgment awarding costs against appellants. ■ The court stated a judgment for costs was ". . . not the judgment directing the payment of money contemplated by section 942. If such were the fact, a stay bond would be required in almost every conceivable case, when, to the contrary, it is only required in the four cases covered by sections 942 to 945 of the code. The judgment referred to in the foregoing sections is the decree passing upon the matter directly involved in the litigation, and in all other cases the proceedings are held in abeyance by virtue of the statute [former section 949] itself." (*Id.* at pp. 445-446.)

In *Whitaker* v. *Title Ins. etc. Co., supra,* 179 Cal. 111, relying on *McCallion* the California Supreme Court held the amount specified in the judgment as the prevailing party's costs was not part of "the amount named in the judgment" within the meaning of former section 942. Noting former section 942 did not expressly require bonding a cost award to stay execution, the court stated: "Where the judgment is of such a character that an undertaking to stay proceedings is not specifically required by any provision of the statute, execution of the judgment is stayed by an appeal without any undertaking (Code Civ. Proc., sec. 949), entirely regardless of the judgment for costs. . . ." (*Id.* at p. 114.) The court also noted California statutes ". . . provide for the allowance of costs by the trial court to the prevailing party in practically every kind of action and proceeding, in most cases as of course, and in some matters in the discretion of the court. (Code Civ. Proc., secs. 1022, 1025.) . . ." (*Id.* at p. 113.) Such costs were "allowed solely as an incident of the judgment given upon the issues in the action." (*Id.* at p. 113.) The court concluded a bond was not required "for security as to the costs incidental to the judgment appealed from." (*Id.* at p. 114.)

In *Imperial Beverage Co.* v. *Superior Court, supra,* 24 Cal.2d at page 631, citing *McCallion* the court held: "Although judgment was rendered in defendants' favor for their costs, such a judgment is not one directing the payment of money mentioned in section 942 of the Code of Civil Procedure, and is therefore stayed by the provisions of section 949 of the same code. [Citations.]"

Former section 942 was an exception to former section 949's general rule that perfecting an appeal stayed execution of the judgment. The cases relied upon by Dale's excluded judgments for costs from former section 942's exception to former section 949. By excluding costs awards from the definition of judgments directing the payment of money within the meaning of former section 942, the court in such early cases sought to avoid construing former section 942 as requiring bonding in every case. Similarly, if certain cost awards were not excluded from section 917.1's definition of a judgment for money or directing payment of money, a stay bond would be required in almost every case despite section 916's general rule that perfecting an appeal stays execution without an undertaking. However, the cost awards excluded from the money judgment bond requirement under the early cases were those types of costs awarded in virtually every case. Such cost awards did not pass on matters directly involved in the litigation but instead were merely incidental to litigated issues. Such cost awards did not include attorney fees and the early cases do not purport to apply to attorney fees.

We conclude the attorney fee award to Chamberlin under Civil Code section 1717 is not the type of cost award contemplated by the early

cases as constituting an exclusion from the money judgment bonding requirement of former section 942 or current section 917.1. Unlike the costs involved in the early cases, such attorney fees are in the nature of a directly litigated issue rather than merely incidental to the judgment. Further, attorney fees are not the type of costs involved in virtually every case. Attorney fees are awarded only in limited situations. "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; . . ." (§ 1021.) Civil Code section 1717 authorizes an award of attorney fees only under specific designated circumstances. Because attorney fees are awarded as costs only in certain limited cases, our holding is consistent with the intent of the early cases to avoid construing the statutory money judgment bond requirement as mandating a bond in almost every conceivable case.

In 1981 the Legislature amended Civil Code section 1717 by adding the language reading: "Reasonable attorney's fees shall be fixed by the court, upon notice and motion by a party, and shall be an element of the costs of suit." (Stats. 1981, ch. 888, p. 3399, § 1.) Dale's points to nothing in the amendment's language or legislative history suggesting any intent to exclude attorney fees awarded under Civil Code section 1717 from section 917.1's bonding requirement. We decline to read such amendment as limiting the prevailing party's rights with respect to recovering attorney fees. On the contrary, the amendment provides a procedure permitting the prevailing party to recover an attorney fee award by merely including a fee claim in a cost memorandum.

The superior court properly required Dale's to increase the amount of the appeal undertaking to cover attorney fees awarded Chamberlin.

### DISPOSITION

The order determining the undertaking to be insufficient and directing Dale's to increase the undertaking's amount is affirmed. The writ of supersedeas issued April 14, 1986, is vacated. Chamberlin is entitled to attorney fees on appeal. The matter is remanded to the superior court to determine their amount.

Butler, J., and Todd, J., concurred.