[No. H005251. Sixth Dist. May 11, 1989.]

ANDRE VADAS, Plaintiff and Appellant, v.
MICHAEL SOSNOWSKI et al., Defendants and Respondents.

COUNSEL

Phyl A. Diri, Nancy B. Miller, James S. Rummonds and Rummonds & Mair for Plaintiff and Appellant.

B. James Fitzpatrick, Linda J. West and Williams, Kelly, Polverari & Skelton for Defendants and Respondents.

OPINION

**BRAUER, Acting P. J.**—Andre Vadas, plaintiff and appellant in this attorney malpractice action against defendant/respondent Michael Sosnowski, seeks a writ of supersedeas to stay execution upon Sosnowski's judgment for costs alone, in the amount of $11,120.76. The trial court would not stay execution unless Vadas posted a bond, but Vadas takes the position that execution on a judgment for costs alone is automatically stayed on appeal (Code Civ. Proc.,[1] § 916, subd. (a).) and therefore no bond is required. We agree and will issue the writ.

The facts are not disputed. The underlying action resulted in a defense judgment. Sosnowski then served upon Vadas a memorandum of costs totalling $11,120.76, which is not challenged as to amount. Judgment for such costs was accordingly entered by the clerk. Vadas has appealed the underlying judgment to this court.

■ The legal issue to be determined is whether a defense judgment for costs alone is subject to the automatic statutory stay on appeal provided by section 916, subdivision (a), or whether it is a money judgment subject to the bonding requirements of section 917.1. If the judgment is automatically stayed by statute, then the trial court erred in requiring that bond be posted, and this court must issue supersedeas to stay execution. (*Estate of Dabney* (1951) 37 Cal.2d 402 [232 P.2d 481].)

The chapter of the Code of Civil Procedure governing stays of execution begins with section 916, the general provision which stays all such judgments pending appeal. Next come the various specific statutory exceptions to the automatic stay, including section 917.1, with which we are concerned. That section provides, in subdivision (a), that the perfecting of an appeal does not stay enforcement of a judgment for money unless an under-

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

taking is given. Subdivision (b) sets forth the formula for calculating the amount of the undertaking, based on the amount of the judgment. Subdivision (d), added by amendment in 1986, provides that costs awarded by the trial court "shall be included in the amount of the judgment or order for the purpose of applying subdivisions (a) and (b)."

Cases decided prior to the 1986 amendment held that (1) costs were not to be included in the judgment for purposes of determining the amount which had to be bonded (*Whitaker* v. *Title Ins. etc. Co.* (1918) 179 Cal. 111 [175 P. 460]; Cal. Civil Appellate Practice (Cont.Ed.Bar 1985) p. 131), and (2) a judgment for costs alone did not have to be bonded but rather was automatically stayed on appeal. (*Imperial Beverage Co.* v. *Superior Court* (1944) 24 Cal.2d 627, 631 [150 P.2d 881]; *McCallion* v. *Hibernia etc. Society* (1893) 98 Cal. 442, 445 [33 P. 329]; Cal. Civil Appellate Practice, *supra,* at p. 131.)

The cases holding that a judgment for costs alone was stayed without bond gave as their reason that if a bond were required to stay execution on a judgment for costs, almost every appealed judgment would have to be bonded, because costs are routinely included in nearly all judgments. (E.g., *McCallion* v. *Hibernia etc. Society, supra,* 98 Cal. 442, 445-446; *Whitaker* v. *Title Ins. etc. Co., supra,* 179 Cal. 111, 113-114; see discussion in *Chamberlin* v. *Dale's R.V. Rentals, Inc.* (1986) 188 Cal.App.3d 356, 360-361 [232 Cal.Rptr. 785].) Such a result, these decisions concluded, would be contrary to the legislative intent to require bond only in the instances enumerated in the statute as exceptions to the automatic stay of section 916.

Subdivision (d) was added to section 917.1 at the suggestion of the State Bar. (See report of the Assem. Com. on Judiciary regarding Legis. Counsel's Dig., Sen. Bill No. 1221 (1985-1986 Reg. Sess.).) The digest of the bill in the report of the Assembly Committee on the Judiciary stated that under existing law costs awarded by the court were not part of the judgment for purposes of determining the amount of undertaking necessary to stay enforcement; the amendment provides that costs shall be part of the amount of the judgment for purposes of the undertaking. (*Ibid.*) This legislative history says nothing about a judgment consisting only of costs. Similarly, the specific language of the amendment changes the former rule as to the inclusion of costs, but does not contain any reference to a judgment for costs alone.

No reported decision appears to have considered whether a judgment for costs alone is still subject to the automatic statutory stay on appeal. One treatise on civil appellate practice asserts that the prior law is unchanged. (Cal. Civil Appellate Procedure (Cont.Ed.Bar Supp. 1988) § 6.23.) Finally,

one decision dealing with a different issue—whether a judgment including attorneys fees must be bonded—intimates that judgments for costs alone need not be bonded, and then distinguishes judgments for attorneys fees, on the basis that a judgment for attorneys fees, unlike a judgment for costs, is not routinely a part of most judgments. (*Chamberlin, supra,* 188 Cal.App.3d 356, 360, 361-362.)

Sosnowski here argues that the reason why the State Bar recommended that section 917.1 be amended to include costs in the amount of the judgment to be bonded was that costs are no longer an insignificant amount but have increased substantially so that a respondent's security pending appeal may be jeopardized if costs are not included in the calculated amount to be bonded. (Citing the above-referenced bill digest, *supra.*) This reasoning, he maintains, equally militates in favor of bonding a judgment which consists entirely of costs. As a matter of policy, that reasoning is sound. But the statute does not accomplish that purpose. It provides for the inclusion of costs in the amount to be bonded, but it says nothing about judgments consisting only of costs. Given the long-established rule that such judgments were subject to the automatic statutory stay on appeal, we must assume that the Legislature would have found words to accomplish a change in the law if that had been its intention.

Also, there are practical differences between a judgment consisting of both a damages award and costs, and a judgment for costs alone. The former represents a victory in the trial court securing affirmative relief against the appellant in redress of some wrong done the respondent. The price of the appeal then is the provision by appellant of some security to the respondent for the ultimate collection of that affirmative award which makes the respondent whole. But a judgment for costs alone does not represent an award of affirmative relief against the appellant for some past wrong done the respondent; rather, it is a denial of affirmative relief to the former coupled with an affirmative award to the respondent compensating him for the expenses of the lawsuit. The difference is subtle but could form the basis of a legislative intent to provide less security in the latter case. Accordingly treating the two kinds of judgments differently is not necessarily an arbitrary or irrational choice.

Given that the statutory amendment does not expressly change well-settled former law, given that the legislative history of the amendment shows no specific focus on judgments for costs alone, given that one secondary authority has considered the former rule to be still in effect, and one appellate decision has assumed that same result, and finally, given that there is some basis for treating judgments for costs alone differently from those which include damages awards, we conclude that the former law still

obtains, and that a judgment for costs alone is automatically stayed without bond pending appeal. Accordingly the trial court should have granted the stay of execution pursuant to section 916, subdivision (a).

Let a writ of supersedeas issue as prayed staying all further proceedings to enforce the judgment appealed from herein pending disposition of the appeal in this court.

Capaccioli, J., and Premo, J., concurred.