[No. H007964. Sixth Dist. July 11, 1991.]

MATTIE A. BANKS, Plaintiff and Appellant, v.
LOUIS MANOS et al., Defendants and Respondents;
LOUIS MILANI, Appellant.

MATTIE A. BANKS et al., Petitioners, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
LOUIS MANOS et al., Real Parties in Interest.

**COUNSEL**

Louis Milani for Plaintiff and Appellant and for Petitioners

Craig J. Bassett for Defendants and Respondents and for Real Parties in Interest.

No appearance for Respondent Superior Court.

**OPINION**

ELIA, J.—This is a petition for writ of mandate or supersedeas seeking a stay of enforcement of a money judgment without bond. The trial court awarded defendants and respondents a summary judgment consisting of attorney's fees imposed as sanctions, costs, and attorney's fees awarded the prevailing parties pursuant to contract. The judgment includes no actual damages. The issue is whether such a judgment is automatically stayed on appeal pursuant to Code of Civil Procedure section 916. The trial court refused to stay the judgment without bond pursuant to Code of Civil Procedure section 917.1. We agree with the trial court that the automatic stay

does not apply and therefore the judgment must be bonded, and accordingly we will deny the writ and dissolve our temporary stay of execution.

### RECORD

Petitioners Mattie A. Banks and Louis Milani are respectively plaintiff below and her attorney. Banks filed this action against defendants pursuant to the "Home Equity Sales Contracts" statute (Civ. Code, § 1695 et seq.) seeking equitable relief, damages, and attorney's fees and costs. The complaint was served by mail on defendants and respondents Manos and Peponis. Defendants did not acknowledge receipt of the service, rendering it legally incomplete, but they nevertheless made a general appearance by answering the complaint and ultimately by successfully seeking summary judgment.

The court granted summary judgment because the bankruptcy court had authorized the transfer involving Banks's home which formed the basis for the suit, and therefore the Home Equity Sales Contracts statute was held not to apply. The trial court also imposed an award of attorney's fees as sanctions for a frivolous lawsuit. (Code Civ. Proc., § 128.5.) The court determined that the lawsuit was frivolous because the bankruptcy court order was well known to plaintiff and her attorney before the suit was filed, and that order specifically exempted defendants from complying with the requirements of the Home Equity Sales Contracts statute under which the action had been brought.

In addition to sanctions, the trial court also awarded defendants attorney's fees because the action was based on a contract providing for such fees.

In disposing of the case the superior court made two orders. One determined that there was no triable issue of material fact, granted judgment to defendants, and ordered that defendants recover costs of suit and reasonable attorney's fees. The second found that the action was brought in bad faith and was frivolous and imposed sanctions of $3,000 upon plaintiff and her counsel, directing payment of that sum "forthwith." Banks and her attorney have appealed from both orders.

Accordingly, the final judgment, which totalled $5,829.25, included costs; $3,000 attorney's fees awarded as sanctions; and also attorney's fees awarded the prevailing parties (defendants) because the controversy was based on a contract.

After the petitioners appealed from the judgment, the trial court denied their request for a statutory stay of execution of the judgment pending appeal

without bond. (Pursuant to Code Civ. Proc., § 916.) They seek protective supersedeas from this court granting a stay of execution. (See *Estate of Dabney* (1951) 37 Cal.2d 402, 408 [232 P.2d 481].) ■ If they were entitled to an automatic statutory stay, protective supersedeas should issue as the appropriate remedy. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 219, pp. 225-226.)

However, for reasons we will state, we conclude they are not entitled to an automatic stay on appeal, but rather must post bond to stay execution of this money judgment. (Pursuant to Code Civ. Proc., § 917.1.)

DISCUSSION

1. *Whether the Judgment Must Be Bonded*

■ A judgment for costs alone need not be bonded because costs are routine, and to require judgments for costs to be bonded would essentially negate the automatic stay provisions of Code of Civil Procedure section 916. (*Imperial Beverage Co.* v. *Superior Court* (1944) 24 Cal.2d 627, 631 [150 P.2d 881]; accord, *Vadas* v. *Sosnowski* (1989) 210 Cal.App.3d 471, 474-475 [258 Cal.Rptr. 374].)

A judgment for damages plus attorney's fees must be bonded, because attorney's fees, unlike costs, are not routinely a part of most judgments. (*Chamberlin* v. *Dale's R. V. Rentals, Inc.* (1986) 188 Cal.App.3d 356, 360, 361-362 [232 Cal.Rptr. 785].)

Under the 1986 amendment to Code of Civil Procedure section 917.1, costs awarded in the trial court must be included when calculating the amount of the bond required to stay execution pending appeal. (Code Civ. Proc., § 917.1, subd. (d).) ■ We held that amendment was not intended to alter the traditional rule that an award of costs alone is stayed by an appeal without bond. (*Vadas* v. *Sosnowski, supra,* 210 Cal.App.3d 471.) However that amendment indicates a legislative intent to require bonding of an entire judgment when some part of it must be bonded.

The Third District recently considered the question of a judgment consisting of contractual attorney's fees and costs, without damages. (*Nielsen* v. *Stumbos* (1990) 226 Cal.App.3d 301 [276 Cal.Rptr. 272].) The attorney's fees there were awarded pursuant to Civil Code section 1717. The court held that such fees must be treated as costs, and therefore a judgment consisting only of such fees and costs is automatically stayed and need not be bonded. The reasons given were that the plain language of Civil Code section 1717 indicates the intent of the Legislature that fees be treated like other costs of

litigation. The court quotes statutory language that fees shall be " '. . . in addition to other costs.' " (*Nielsen* v. *Stumbos, supra,* 226 Cal.App.3d at p. 304, citing Civ. Code, § 1717, subd. (a).) Also the court pointed out that contractual attorney's fees need not be pleaded or proved in the main action but are included in the posttrial cost bill along with other elements of costs. (*Ibid.*) Finally the court cited the 1990 amendment to Code of Civil Procedure section 1033.5, which includes as allowable costs to a prevailing party attorney's fees authorized by contract. (*Nielsen* v. *Stumbos, supra,* 226 Cal.App.3d at p. 305; see Code Civ. Proc., § 1033.5, subd. (a)(10)(A).) *Nielsen* cites language from the chaptered bill for that amendment that the Legislature intended to confirm that these attorney's fees are costs. (*Id.* at p. 305.)

■ Our case differs from *Nielsen* in that the attorney's fees are awarded not only pursuant to an underlying contract, but also pursuant to a statute, Code of Civil Procedure section 128.5. Further, that statute is not one which routinely authorizes attorney's fees, as is, for example, Civil Code section 1717, but rather is a sanctions statute, with a presumably extraordinary application. Such sanctions are more closely analogous to judgments for money damages, since they represent damages for abusive legal tactics and are discretionary, than they are to costs, which are routinely awarded, or to contractual attorney's fees, which are similarly routinely awarded and which are statutorily identified as costs in Code of Civil Procedure section 1033.5.

There is some ambiguity, however, in that the statute defining costs, Code of Civil Procedure section 1033.5, includes as costs "Attorney fees, when authorized by either of the following: (A) Contract. (B) Statute." (Code Civ. Proc., § 1033.5, subd. (a)(10).) If attorney's fees awarded under Code of Civil Procedure section 128.5 are fees authorized by statute, then arguably they are costs pursuant to Code of Civil Procedure section 1033.5. According to *Nielsen*, a judgment consisting only of such fees need not be bonded.

We do not believe that attorney's fees imposed as sanctions are *routinely* authorized by statute in the same sense as contractual attorney's fees or other attorney's fees expressly authorized by statute. Judgments for sanctions are not routine and are not necessarily related to the size of the recovery or the amount of time billed by the attorney. At least in theory, a judgment for sanctions could be greater than the amount of attorney time actually billed on the matter, since the statute authorizes punitive damages in appropriate cases. (Code Civ. Proc., § 128.5, subd. (d).) Accordingly an award under Code of Civil Procedure section 128.5 is more like a money judgment

compensating a party for harmful conduct than it is like an award of fees as part of the costs of the lawsuit.

Also, the sanctions here were imposed against a nonparty, the attorney, as well as against the losing plaintiff. The statute defining recovery of costs uses the term "prevailing party" and mentions plaintiff and defendant, not a third party. (Code Civ. Proc., § 1032 (a)(4).) Since sanctions can also be imposed on a nonparty, as indeed was done here, clearly they are not within the concept of "costs" under the Code of Civil Procedure.

We further observe that under Code of Civil Procedure section 1033.5, subdivision (c)(5), attorney's fees become part of "costs" when a statute specifically refers to both: "When any statute of this state refers to the award of 'costs and attorney's fees,' attorney's fees are an item and component of the costs to be awarded . . ." Code of Civil Procedure section 128.5 does not refer to costs but instead imposes "reasonable expenses" as an element of sanctions. That wording, particularly the use of the term "expenses" instead of "costs," indicates a legislative intent not to classify sanctions as costs.

An award of sanctions is more like a money judgment than it is like costs because of the unusual nature of such an award and because there is no specific exception from the bonding statute (Code Civ. Proc., § 917.1) for judgments for sanctions, as opposed to "costs." Accordingly we believe *Nielsen* is distinguishable from the facts here. We hold that an award of sanctions under Code of Civil Procedure section 128.5 does not represent costs but is essentially a judgment for money damages which must be bonded.

The judgment here consists of sanctions, which we believe must be bonded, and attorney's fees pursuant to contract, which *Nielsen* holds need not be bonded, as well as costs. We believe that if part of the judgment must be bonded, the entire judgment must be bonded, as a consequence of the 1986 amendment to Code of Civil Procedure section 917.1, directing that costs awarded in the trial court be included when calculating the amount of the bond required to stay execution pending appeal. We believe that statute clearly implies a legislative intent to accomplish that result. If a judgment for money damages (bondable) and costs (not bondable) must be bonded in its entirety, so also must a judgment for sanctions (bondable) and costs and fees (not bondable). Accordingly, we conclude the entire judgment must be bonded here to stay execution pending appeal, as the trial court concluded below.

## 2. *Sanctions*

Real parties in interest request sanctions for the bringing of a frivolous petition for extraordinary relief. They argue that the petition indisputably has no merit and that the underlying appeal is also without merit.

■ Normally an element of a petition on supersedeas is a demonstration that the appeal has arguable merit. (E.g. *Nuckolls* v. *Bank of California, Nat. Assn.* (1936) 7 Cal.2d 574, 578 [61 P.2d 927].) Here, petitioners did not attempt to make such a demonstration. However, because petitioners were arguing entitlement to an automatic statutory stay, rather than to a discretionary writ of supersedeas, they need not make a showing of merit on the appeal to obtain that stay. (See *Estate of Dabney, supra,* 37 Cal.2d at p. 408.)

Real parties say the appeal is frivolous. Petitioners' appeal is apparently based on the argument that the trial court lacked jurisdiction over the parties for purposes of imposing fees and sanctions because defendants did not return the acknowledgement of receipt of service on them. Petitioners argue from the statute that "[t]he mere filing of a complaint without service thereof on an opposing party does not constitute 'actions or tactics' for purposes of this section." (Code Civ. Proc., § 128.5, subd. (b)(1).) Real parties assert that position is frivolous, in light of the mail service, defendants' general appearance, and their application for summary judgment.

We defer all arguments regarding frivolity of the appeal to the consideration of that matter, because as stated we do not believe a showing of arguable merit on the appeal was essential to a petition for an automatic statutory stay of execution pursuant to Code of Civil Procedure section 916. We will consider the request for sanctions on the appeal, and the parties are notified to address that issue when that matter is briefed and argued. It should be plain from our opinion that the arguments presented by the petition for a stay were not frivolous, even though we have concluded that real parties shall prevail. The issue whether a judgment for attorney's fees as sanctions must be bonded appears to be of first impression in the published decisions, and its resolution is far from obvious.

### DISPOSITION

The petition for mandate and for a stay and for writ of supersedeas is denied for the reasons we have stated. Our temporary stay of execution is dissolved, effective upon finality of this opinion. To obtain a stay of execution beyond that date, petitioners must post bond in the trial court, pursuant to Code of Civil Procedure section 917.1. Our disposition makes moot the

question raised by real parties whether our stay of execution prevented supplementary enforcement proceedings such as recordation of the abstract of judgment and conducting of a debtor's examination. Real parties in interest are prevailing parties and shall have costs in this matter.

Premo, Acting P. J., and Cottle, J., concurred.

A petition for a rehearing was denied October 11, 1991, and the petition of appellant Banks for review by the Supreme Court was denied December 18, 1991.