[No. B063813. Second Dist., Div. Three. June 16, 1992.]

THOMAS PECSOK et al., Plaintiffs and Appellants, v.
SAMUEL BLACK et al., Defendants and Respondents.

## COUNSEL

Rodi, Pollock, Pettker, Galbraith & Phillips, Christopher Rolin, Cris K. O'Neall and Robert S. Gerstein for Plaintiffs and Appellants.

Lipofsky & Ruben, Louis A. Lipofsky and Paul D. Buchberg for Defendants and Respondents.

## OPINION

**CROSKEY, J.**—By their petition for a writ of supersedeas, plaintiffs, Thomas Pecsok and Judy Pecsok, seek a stay of execution on a judgment which awarded attorney fees, litigation expenses and other costs to the defendants Samuel Black and Carolyn S. Black. The trial court refused to recall and quash a writ of execution obtained by the defendants and held that plaintiffs would have to post an undertaking in order to stay enforcement of the judgment pending appeal. Plaintiffs claim that they are entitled to an automatic stay and that no appellate bond is required.

As we find that the judgment is entirely for costs, we will hold that no undertaking is required. Under such circumstance, a stay pending appeal is automatic and plaintiffs are therefore entitled to a writ of supersedeas as a matter of law. We will grant the writ.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs prosecuted the underlying action against the defendants for intentional and negligent misrepresentation and breach of contract. Their alleged claims arose out of the sale of a home located in the Big Rock Mesa

area of Malibu, California. The principal claim apparently centered around defendants' alleged failure to disclose that the property was subject to approximately $44,000 in assessments. Following a three-day nonjury trial, the court found that the defendants had "committed no fraud, were guilty of no negligent misrepresentations and did not breach their agreement." Based on such findings, the court, on November 20, 1991, awarded judgment to the defendants.

Included in the judgment was an award of attorney fees in the sum of $63,297.31, plus $3,960.41 in "litigation expenses." These were authorized under the terms of the contract upon which the plaintiffs had unsuccessfully brought suit. The defendants were also awarded costs which, following the submission of a cost bill, were determined to be in the sum of $8,650.50.

After defendants sought to execute on their judgment, plaintiffs moved the trial court for an order recalling and quashing the writ of execution. Plaintiffs argued that as the judgment against them was only for costs, they were entitled to the benefit of the automatic stay provisions of Code of Civil Procedure section 916.[1] The defendants opposed the motion arguing that although the judgment was primarily for attorney fees, there was a split of authority as to whether attorney fees were the "routine" type of costs to which the stay rule might be applied. They also contended that since their costs included expert witness fees,[2] which clearly are not routine costs, they had to be bonded. Relying on the rule that if any part of a judgment had to be bonded, in order to perfect a stay on appeal, then the entire judgment had to be bonded, defendants argued that plaintiffs were not entitled to an automatic stay. The trial court agreed and, on December 30, 1991, it denied plaintiffs' motion.

Plaintiffs then brought this petition seeking a writ of supersedeas. On January 8, 1992, we issued a notice pursuant to *Palma* v. *U.S. Industrial Fasteners Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893] and granted a temporary stay of enforcement of the judgment. Thereafter, on

---

[1]Unless otherwise indicated, all statutory references are to the Code of Civil Procedure. Section 916 provides, in pertinent part:

"(a) Except as provided in Sections 917.1 to 917.9, inclusive, . . . the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, *including enforcement of the judgment or order,* . . . ."

[2]The record on this is far from clear. The record discloses only a declaration from defendants' counsel asserting that the defendants' "litigation expense" claim included $2,500 for expert witnesses. However, no detail is provided. We discuss this claim below.

January 23, 1992, we issued an order to show cause as to why the writ should not be granted and set the matter for hearing.[3]

ISSUE PRESENTED

The question presented is both simple and straightforward. Is a judgment solely for costs entitled to the benefit of the automatic stay of enforcement, provided for in section 916, irrespective of the type or nature of the costs claimed?

DISCUSSION

 It is settled that a judgment which awards no damages, but is for costs alone, need not be bonded because costs are routine and are usually granted to the successful party in every case; to require a bond in order to stay enforcement of a judgment for costs would essentially negate the automatic stay provisions of section 916. (*Banks* v. *Manos* (1991) 232 Cal.App.3d 123, 127 [283 Cal.Rptr. 318]; *Vadas* v. *Sosnowski* (1989) 210 Cal.App.3d 471, 474-475 [258 Cal.Rptr. 374].) This is an effective exception to the general rule that execution on a *money judgment* is not stayed pending appeal unless a bond is posted. (§ 917.1.)[4]

In spite of the 1986 amendment to section 917.1, which added subdivision (d) (see fn. 4, *ante*), this exception to the general rule, where the judgment consists of costs alone, was reaffirmed in *Vadas* v. *Sosnowski, supra*, 210 Cal.App.3d 471. There, the court concluded that the Legislature had intended to ensure the sufficiency of the bond to cover damages *and* costs where damages were awarded but did not intend to change the rule where the judgment was for costs only. As the *Vadas* court emphasized, a damage award is significantly different than an award for costs only. "[I]f a bond were required to stay execution on a judgment for costs, almost every appealed judgment would have to be bonded, because costs are routinely included in nearly all judgments." (*Id.* at p. 473.)

An issue related to the one presented to us has been considered and resolved by the court in *Nielsen* v. *Stumbos* (1990) 226 Cal.App.3d 301 [276

---

[3]Plaintiffs also sought relief from default (under Cal. Rules of Court, rule 10(c)) for their failure to make a timely designation of the record. By a separate order, dated January 30, 1992, we granted such relief.

[4]Section 917.1 provides, in pertinent part:

"(a) The perfecting of an appeal shall not stay enforcement of the judgment or order in the trial court if the judgment or order is for money or directs the payment of money . . . .

"(b) . . . . . . . . . . . . . . . . . . . . . . .

"(c) . . . . . . . . . . . . . . . . . . . . . . .

"(d) Costs awarded by the trial court under Chapter 6 (commencing with section 1021) of Title 14 shall be included in the amount of the judgment or order for the purpose of applying subdivisions (a) and (b)."

Cal.Rptr. 272]. There, the court held that a judgment for costs, which included an award of attorney fees under Civil Code section 1717, was nonetheless a judgment *entirely* for costs and thus entitled to the benefit of the automatic stay provision of section 916. That attorney fees, awarded pursuant to Civil Code section 1717, are to be considered "costs" seems beyond argument.[5]

The third paragraph of Civil Code section 1717 provides that "Reasonable attorney's fees shall be fixed by the court, and *shall be an element of the costs of suit.*" (Italics added.) Other provisions of that section confirm that fees are just another form of costs. It is also settled that claims for contractual attorney fees need not be pleaded and proved in the main action, but are includable in the post trial cost bill along with other elements of costs. (*M.C.& D. Capital Corp.* v. *Gilmaker* (1988) 204 Cal.App.3d 671, 676-677 [251 Cal.Rptr. 178].) Finally, the 1990 amendment to section 1033.5 includes attorney's fees authorized by contract as one of the items of allowable costs (§ 1033.5, subd. (a)(10)(A)); and section 2 of the amending legislation specifically provides that, "It is the intent of the Legislature in enacting this act to confirm that these attorney's fees are costs . . . ." (Stats. 1990, ch. 804, § 2.)

After reviewing these authorities, the *Nielsen* court concluded that, "contractual attorney fees awarded a party who recovers no money damages are to be treated as any other incidental cost of litigation for purposes of the automatic stay provisions of Code of Civil Procedure section 916." (*Nielsen* v. *Stumbos, supra,* 226 Cal.App.3d at p. 305.)

Defendants make two arguments which, they contend compel our denial of supersedeas relief to plaintiffs. First they rely on the decision in *Chamberlin* v. *Dale's R.V. Rentals, Inc.* (1986) 188 Cal.App.3d 356 [232 Cal.Rptr. 785], for the proposition that an award of "non-routine" costs do not come within the exception for "costs only" judgments. In short, they ask that we make a distinction between "routine" and "non-routine" costs before determining the entitlement to an automatic stay. However, neither *Chamberlin,* nor any other authority, really supports that proposition.

In *Chamberlin,* an award of damages was made to which was added an amount for attorney fees provided in the contract between the parties. The court was required to determine whether the amount of the fee award should

---

[5]One court has recently distinguished between attorney fees awarded pursuant to Civil Code section 1717 (which need not be bonded) and attorney fees awarded as sanctions under section 128.5 (as such sanctions are considered to be "damages," they must be bonded). (*Banks* v. *Manos, supra,* 232 Cal.App.3d at p. 129.)

be added to the damages for purposes of determining the amount of the required undertaking on appeal. *Chamberlin* held that for such limited purposes, fees awarded pursuant to Civil Code section 1717 were not costs. The decision is both distinguishable and of dubious vitality. The amendment to section 917.1, adding subdivision (d) (see fn. 4, *ante*), settled the issue of how costs should be utilized in calculating the bond, and without making any exception for "non-routine" costs. In addition, subsequent legislative enactments, which are fully applicable to this case, make it clear that attorney fees *are* to be considered as "costs."

The second argument advanced by defendants is related to the first, but is even more questionable. Defendants urge that since the judgment included an award for expert witness fees, and since such costs are clearly "non-routine," they must be bonded; and since they must be bonded, the entire judgment must be bonded. (*Banks* v. *Manos, supra,* 232 Cal.App.3d at p. 129.) We reject this argument for two reasons:

(1) The defendants state that the payment for expert witnesses was claimed as part of their contractual "litigation expenses," not their allowable costs.[6] In other words, these are part of those expenses permitted under the contract to be recovered upon a successful conclusion of an action arising under the parties' contract. In this regard, they are no different than the attorney fees provided for in the contract and we see no reason to treat them differently. Thus, the expert witness fees in this case,[7] which defendants stress so heavily, are simply part of the contractual fees and costs which, under the applicable statutes, are to be treated as costs for purposes of the section 916 automatic stay. (*Nielsen* v. *Stumbos, supra,* 226 Cal.App.3d at pp. 303-305.)

(2) There is neither authority nor reason for a recognition of a distinction between costs that are "routine" as opposed to "non-routine." Indeed, the reference in the cases to the ordinary or routine nature of costs was to *allowable costs as a whole*, rather than to a particular type of costs which might be more commonly awarded. Allowable costs are defined by statute.

---

[6]The record does not make clear what part of the costs awarded in the judgment, if any, is attributable to expert witness fees. They are not claimed in the cost bill. We have only the declaration of defendants' counsel which states that the defendants' "litigation expense" included expert witness fees of $2,500. However, we are not told just who such experts were, what purpose they served or any other information which would help us understand why they should be considered as "non-routine" costs.

[7]Whether an expert witness fee, included as an allowable cost claim pursuant to the application of section 998, subdivision (c), is a cost for purposes of a section 916 automatic stay is now before the Supreme Court. Review was granted on September 26, 1991 (S022569), in *Bank of San Pedro* v. *Superior Court* (1991) 232 Cal.App.3d 370 [283 Cal.Rptr. 372].

(§ 1033.5; see also Cal. Rules of Court, rules 26, 135 and 870.) Litigation expenses which come within such statutory definition should be treated as "costs" for purposes of the application of the automatic stay rule in section 916. There is no reason for the courts to become mired in a microscopic examination of a successful party's cost bill in order to evaluate whether any particular cost item is usual or unusual, typical or nontypical or "routine" or "non-routine." A bright line rule that all costs, which are expressly authorized to be awarded under the provisions of section 1033.5, shall be treated alike for purposes of applying section 916, is reasonable and simple to apply. Such a rule will enable trial courts to resolve issues such as the one presented here without expensive and time consuming litigation.

## CONCLUSION

It is apparent to us that this case is essentially no different than the one presented and resolved in *Nielsen* v. *Stumbos, supra*, 226 Cal.App.3d 301 and the same result should obtain.[8] Plaintiffs suffered a judgment for costs only and should be entitled to an automatic stay under section 916.[9] However, defendants' contentions in this matter were certainly arguable and could hardly be characterized as frivolous. Thus, this is not a proper case for the award of sanctions and plaintiffs' request therefore will be denied.[10]

## DISPOSITION

The order to show cause is discharged. A writ of supersedeas shall issue commanding the trial court to recall and quash the writ of execution previously obtained by the defendants and to take such other and further action, consistent with the views expressed herein, as is necessary and appropriate

---

[8]This result is fully justified, if not compelled, by present statutory language. However, in light of an increasing number of judgments which involve substantial cost awards, primarily arising from a successful litigant's entitlement to attorney fees, the Legislature may want to consider some statutory change. For example, it seems anomalous, if not unfair, for a successful defendant, entitled to a substantial award of attorney fees under Civil Code section 1717, to be denied the protection of a bonding requirement for such judgment pending appeal when, had the plaintiff won a damage award, the same defendant would have had to post a bond to avoid execution pending *his* appeal.

[9]As plaintiffs are entitled to the benefit of an automatic stay under the provisions of section 916, they have an *absolute right* to a writ of supersedeas. (*Estate of Dabney* (1951) 37 Cal.2d 402, 408 [232 P.2d 481]; *Nielsen* v. *Stumbos, supra*, 226 Cal.App.3d at pp. 303, 306.)

[10]Defendants also argue that plaintiffs' appeal is without merit and for that reason their request for supersedeas relief should be denied. However, we decline to become involved in a premature evaluation of the merits of the appeal. We expressly reserve the question of whether sanctions should be awarded against plaintiffs in the event that their appeal is hereafter determined to be frivolous. We have not examined the merits of that appeal and neither make nor intend any prejudgment thereon, but only memorialize our reservation of this issue.

to give full recognition to the fact that plaintiffs were and are entitled to an automatic stay of enforcement of the judgment pending appeal. Upon completion of such trial court action, the temporary stay, issued by this court on January 8, 1992, shall be dissolved. Plaintiffs' request for sanctions is denied.

Klein, P. J., and Hinz, J., concurred.