[No. S022569. Oct. 26, 1992.]

BANK OF SAN PEDRO, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
WALLACE A. GOODSTEIN, Real Party in Interest.

**COUNSEL**

Epport & Richman and Steven N. Richman for Petitioner.

No appearance for Respondent.

Smith, Polson & Elstead, Edward W. Polson and John Clifton Elstead for Real Party in Interest.

## OPINION

**BAXTER, J.**—Plaintiff in this action recovered nothing, and judgment was entered in defendant's favor. The judgment awarded defendant expert witness fees pursuant to Code of Civil Procedure section 998, subdivision (c). The sole issue in this case is whether enforcement of the award of expert witness fees is automatically stayed by operation of law while the judgment is being appealed by plaintiff. We hold such a judgment is not automatically stayed and that the appellant must post an appeal bond or other sufficient undertaking to obtain a stay pending appeal.

### FACTS

The relevant facts are not disputed. Real party in interest Wallace A. Goodstein, M.D. (Goodstein) sued petitioner Bank of San Pedro (the Bank). The Bank served Goodstein with an offer to compromise the action pursuant to Code of Civil Procedure section 998.[1] The offer was rejected by Goodstein's failure to accept it within the statutory period.

Trial resulted in a nonsuit in the Bank's favor. (Goodstein's appeal from the nonsuit is pending.) The Bank moved to recover its expert witness fees based on Goodstein's rejection of the Bank's section 998 offer and his failure to obtain a judgment more favorable than the offer. The trial court awarded the Bank its expert witness fees in the requested amount of $116,184.05 pursuant to section 998, subdivision (c) and additional costs of $22,237.62 pursuant to sections 998, subdivision (c), 1032, and 1033.5.

Goodstein appealed from the order awarding expert witness fees, but Goodstein did not file an appeal bond or other undertaking. The Bank moved the trial court for an order directing the court clerk to issue a writ of execution and abstract of judgment allowing the Bank to collect its award of expert witness fees in the amount of $116,184.05. (The Bank did not seek to enforce the portion of the judgment for $22,237.62 of other costs.) Goodstein opposed the motion on the ground that enforcement of the judgment was automatically stayed by his appeal of the order awarding costs under section 998. The trial court denied the Bank's motion.

The Court of Appeal granted the Bank's petition for writ of mandamus, concluding that the expert witness fees awarded under section 998 are extraordinary costs and that a judgment for such costs is not automatically stayed pending appeal.

---

[1] Unless otherwise indicated, all further section references are to the Code of Civil Procedure.

## DISCUSSION

### 1. *Statutory language*

The question before us is governed by statutes. Our task is to determine the Legislature's intent. (*Brown* v. *Kelly Broadcasting Co.* (1989) 48 Cal.3d 711, 724 [257 Cal.Rptr. 708, 771 P.2d 406]; *Adoption of Kelsey S.* (1992) 1 Cal.4th 816, 826 [4 Cal.Rptr.2d 615, 823 P.2d 1216].) "We must begin with the words of the statute." (See *Kelsey S., supra,* at p. 826; *Delaney* v. *Superior Court* (1990) 50 Cal.3d 785, 798 [268 Cal.Rptr. 753, 789 P.2d 934].) Section 916, subdivision (a) states, "Except as provided in Sections 917.1 to 917.9, inclusive, and in Section 116.810, the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order . . . ." Perhaps the most common (and thus most significant) of the specified exceptions to the statutory automatic stay is set forth in section 917.1, subdivision (a) which states, "The perfecting of an appeal shall *not* stay enforcement of the judgment or order in the trial court *if the judgment or order is for money or directs the payment of money*, whether consisting of a special fund or not, and whether payable by the appellant or another party to the action, unless an undertaking is given." (Italics added.) The question in this case is whether the order awarding expert witness fees under section 998, subdivision (c) is an order that "directs the payment of money" within the meaning of section 917.1, subdivision (a).

On its face the order directs the payment of money—$116,184.05—by plaintiff to defendant, and is therefore within the literal language of section 917.1, subdivision (a). That would seem to be the end of the matter, and as we shall explain, that is ultimately the correct result. The problem, however, is not so simple because the language, "directs the payment of money," must be read in statutory context and in light of long-standing judicial construction of this language.

### 2. *Our prior decisions*

Costs of suit are awarded to the prevailing party in nearly every civil action or proceeding. This reality arises from section 1032, subdivision (b), which states, "Except as otherwise expressly provided by statute, a prevailing party is entitled *as a matter of right* to recover costs in any action or proceeding." (Italics added.) We relied on this circumstance in construing the statutory antecedent of section 917.1 (former section 942): "A judgment for costs is not the judgment directing the payment of money contemplated by section 942. If such were the fact, a stay bond would be required in

almost every conceivable case, when, to the contrary, it is only required in the four cases covered by sections 942 to 945 of the code [of Civil Procedure]." (*McCallion* v. *Hibernia etc. Society* (1893) 98 Cal. 442, 445 [33 P. 329].) In other words, if a judgment for costs awarded under section 1032 were a money judgment within the meaning of section 917.1, virtually every judgment would be within the scope of section 917.1, and an undertaking would be required to stay every judgment pending appeal. The exception in section 917.1 to the automatic stay provision of section 916 would cease to be an exception; it would subsume the general rule. Such a result could not have been consistent with the Legislature's intent. We therefore have held that a judgment for costs alone was not a judgment directing the payment of money within the meaning of former section 942 (now section 917.1, subdivision (a)) and was therefore stayed without the need for an undertaking. (*Imperial Beverage Co.* v. *Superior Court* (1944) 24 Cal.2d 627, 631 [24 Cal.2d 627, 150 P.2d 881]; *McCallion* v. *Hibernia etc. Society, supra*, 98 Cal. 442, 445.) This rule has become well established. (See, e.g., *Vadas* v. *Sosnowski* (1989) 210 Cal.App.3d 471, 473 [258 Cal.Rptr. 374].)[2]

In each of our decisions, however, the costs were of a routine nature, such as those awarded as a matter of right under section 1032. Not equally clear is whether the rule subjecting a judgment for costs alone to the automatic statutory stay on appeal extends to judgments, like the one in this case, in which the costs were not limited to the routine costs awarded under sections 1032 and 1033.5, but instead included an award of expert witness fees under section 998.

3.   *Court of Appeal decisions*

No court has squarely decided the issue, but prior decisions illuminate the nature of the question. In *Chamberlin* v. *Dale's R.V. Rentals, Inc.* (1986) 188 Cal.App.3d 356 [232 Cal.Rptr. 785], the Court of Appeal was faced with a judgment for damages and costs, which included an award of attorney fees

---

[2]We also have held that costs were not to be included in the amount of a damages judgment when computing the amount of the required undertaking. (*Whitaker* v. *Title Ins. etc. Co.* (1918) 179 Cal. 111, 115 [175 P. 460].) In 1986, however, the Legislature amended section 917.1 by adding subdivision (d): "Costs awarded by the trial court under Chapter 6 (commencing with Section 1021) of Title 14 *shall be included in the amount of the judgment* or order for the purpose of applying subdivisions (a) and (b)." (Stats. 1986, ch. 1174, § 1, p. 4173, italics added.) In those cases in which a party recovers damages as well as costs, this amendment superseded our decision to the contrary in *Whitaker* v. *Title Ins. etc. Co., supra*, 179 Cal. 111, 115. As a result, costs must now be included in the amount of a damages judgment for the purpose of computing the amount of the undertaking. The Legislature has mandated this result.

pursuant to Civil Code section 1717.[3] Because the case was decided before the 1986 amendment to section 917.1 (which requires the inclusion of costs in a damages judgment when computing the amount of the undertaking), the question was whether the award of attorney fees under Civil Code section 1717 had to be included within the judgment in computing the amount of the undertaking. The court concluded the then-existing rule that costs were *not* included for such purpose did not extend to the award of attorney fees. "Unlike the costs involved in the early cases, such attorney fees are in the nature of a directly litigated issue rather than merely incidental to the judgment. Further, attorney fees are not the type of costs involved in virtually every case. Attorney fees are awarded only in limited situations." (*Chamberlin, supra,* 188 Cal.App.3d at p. 362.) A different Court of Appeal, however, subsequently held that where a party recovers *no* money damages but only a judgment for costs, including an award of attorney fees under Civil Code section 1717, no undertaking is required for a stay of judgment on appeal. (*Nielsen* v. *Stumbos* (1990) 226 Cal.App.3d 301, 305 [276 Cal.Rptr. 272].)

In the present case, the trial court relied primarily on *Vadas* v. *Sosnowski, supra,* 210 Cal.App.3d 471, 473-474 (*Vadas*), for that decision's reaffirmation of the rule that a judgment for only costs remains subject to the statutory automatic stay of section 916. (*Imperial Beverage Co.* v. *Superior Court, supra,* 24 Cal.2d 627, 631.) The Court of Appeal in this case, however, held that *Vadas, supra,* 210 Cal.App.3d 471, which involved only routine costs, is distinguishable from the present case. The Court of Appeal relied instead on *Chamberlin* v. *Dale's R.V. Rentals, Inc., supra,* 188 Cal.App.3d 356, for the principle that nonroutine costs must be treated differently from routine costs. The Court of Appeal further concluded that expert witness fees awarded under section 998, subdivision (c) are not routine costs. We agree with both conclusions.

### 4. *No automatic stay*

■ Our decisions holding that a judgment awarding no monetary recovery other than routine costs was subject to the automatic stay of section 916 were clear as to their premise. Because routine costs are awarded in virtually all cases, if we were to conclude that a judgment for costs is

---

[3]Civil Code section 1717, subdivision (a) provides in part: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs. [¶] . . . [¶] Reasonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit."

necessarily a judgment that "directs the payment of money" within the scope of section 917.1, subdivision (a), an undertaking would be required "in almost every conceivable case," and such result would conflict with the general rule that a judgment is stayed on appeal. (*McCallion* v. *Hibernia etc. Society*, *supra*, 98 Cal. 442, 445.)

The same rationale does not apply to an award of expert witness fees or other costs under section 998, subdivision (c) because such an award is neither routine nor incidental to the judgment. The Court of Appeal in this case correctly explained that, "Expert witness fees, like attorneys' fees, are not ordinarily a part of costs awarded at trial. Further, the award of expert witness fees (1) is not the type of cost included in virtually every case and (2) was a directly litigated issue, as opposed to being an incidental matter. Specifically, the record reflects that two separate hearings were conducted, involving two motions. Formal discovery was also undertaken relating to this issue. Additionally, expert witness fees are rarely awarded, and then only when the special factual prerequisites of section 998, subdivision (c) have been fulfilled. It would be a distortion of reality to classify expert witness fees as [routine] costs." We agree.[4]

Expert witness fees awarded under section 998, subdivision (c) are non-routine in at least two key respects. First, routine costs under section 1032, subdivision (b) are awarded only to the *prevailing party*. Under section 998, subdivision (c), however, a *losing* defendant can recover its costs. When a defendant's settlement offer is not accepted and the plaintiff fails to obtain a more favorable judgment, the defendant is entitled to its costs from the time of the offer and, subject to the trial court's discretion, also may be awarded costs from the date the complaint was filed. (Conversely, the plaintiff is denied costs.) Thus, even a defendant against whom a money judgment is entered can recover costs under section 998, subdivision (c). (§ 998, subd. (e).) Recovery of costs by a losing party is hardly a routine result.

Second, even when a defendant is entitled as a matter of right to other costs under section 998, subdivision (c), an award of expert witness fees is always within the trial court's discretion. This is in contrast to the costs awarded under section 1032, subdivision (b) which costs are awarded "as a matter of right." This difference further reflects that expert witness fees under section 998 are not routine.

We must not lose sight of the fact that we are dealing with a statutory question and that we must attempt to reach a result comporting with the

[4]In *Pecsok* v. *Black* (1992) 7 Cal.App.4th 456, 461 [9 Cal.Rptr.2d 12], the Court of Appeal noted our grant of review in the present case but rejected any distinction between routine and nonroutine costs. We disapprove *Pecsok* to the extent it is contrary to our decision in the present case.

Legislature's intent. (*Webster* v. *Superior Court* (1988) 46 Cal.3d 338, 344 [250 Cal.Rptr. 268, 758 P.2d 596].) The Court of Appeal's decision in this case achieves this goal in several respects.

First, a judgment directing the payment of expert witness fees is—by any practical or semantic measure—a judgment directing the payment of money and is therefore consistent with the language of section 917.1, subdivision (a) which provides that such a judgment is *not* automatically stayed. A judgment within the plain language of the statute is presumptively within the Legislature's intent absent a showing to the contrary.

Second, we reiterate that the only reason we initially declined to construe literally section 917.1 (actually its predecessor, former section 942) to require undertakings to stay judgments for nothing more than routine costs was that such construction would have removed nearly all cases from the scope of the automatic stay. That result would have virtually eviscerated section 916 and therefore could not reflect the Legislature's intent. That concern, as noted above, does not arise when the costs are nonroutine, as are expert witness fees under section 998, subdivision (c). (See *ante*, p. 803.)

Third and most important, the policy behind section 998, subdivision (c) must be effectuated. That policy is plain. It is to encourage settlement by providing a strong financial disincentive to a party—whether it be a plaintiff or a defendant—who fails to achieve a better result than that party could have achieved by accepting his or her opponent's settlement offer. (This is the stick. The carrot is that by awarding costs to the putative settler the statute provides a financial incentive to make reasonable settlement offers.) The Legislature made this even more clear in 1987 when it added subdivision (e) to the statute. "[T]he costs under this section shall be deducted from any damages awarded in favor of the plaintiff. If the costs awarded under this section exceed the amount of the damages awarded to the plaintiff the net amount shall be awarded to the defendant and judgment shall be entered accordingly." (Stats. 1987, ch. 1080, § 8, p. 3655.)

Not to require an undertaking in this case would further thwart the policy of section 998 by creating an anomalous disparity between plaintiffs and defendants. *A defendant* against whom a money judgment is entered must provide an undertaking to obtain a stay of enforcement pending appeal, and the amount of that undertaking includes any award against defendant under section 998. (§ 917.1, subd. (d).) This result maintains, perhaps even increases, the defendant's incentive to accept a section 998 settlement offer. When, as in this case, a money judgment reflecting an award of expert

witness fees is against *the plaintiff* as a result of section 998, we see no reason why the opposite result should obtain. Allowing the plaintiff to avoid the need for an undertaking would diminish the plaintiff's incentive to settle and therefore would thwart the policy of section 998. An evenhanded application of the requirement for an undertaking on appeal best effectuates the policy of encouraging settlements under section 998.

We hold that a judgment awarding expert witness fees under section 998, subdivision (c), even in the absence of any other monetary relief, is a judgment that "directs the payment of money" within the scope of section 917.1, subdivision (a) and that such judgment is therefore not automatically stayed by the perfecting of an appeal. An undertaking consistent with the relevant statutes is required to effect a stay pending appeal.

DISPOSITION

The judgment of the Court of Appeal is affirmed.

Lucas, C. J., Mosk, J., Panelli, J., Kennard, J., Arabian, J., and George, J., concurred.