[No. B133123. Second Dist., Div. Four. Oct. 6, 1999.]

PHYLLIS S. ZIELLO et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
FIRST FEDERAL BANK OF CALIFORNIA, Real Party in Interest.

**COUNSEL**

Law Offices of Lyle R. Mink and Lyle R. Mink for Petitioners.

No appearance for Respondent.

Epport & Richman, Steven N. Richman, Beth Ann R. Young and Lawrence A. Abelson for Real Party in Interest.

**OPINION**

**EPSTEIN, J.**—In this case we decide whether a judgment debtor, who pays and does not appeal the amount of a judgment for damages, but who does appeal from the trial court's order after judgment assessing costs and attorney's fees, is required to file an appeal bond to stay execution on the unpaid amounts. We conclude that an appeal bond is not required in this situation.

## Factual and Procedural Summary

This case arises from an ongoing dispute between a mortgagor and mortgagee over proceeds from an earthquake insurance policy. The policy was obtained by the mortgagor without compulsion of the loan agreement. A more detailed discussion of the underlying facts is provided in our decision, *Ziello* v. *Superior Court* (1995) 36 Cal.App.4th 321 [42 Cal.Rptr.2d 251]. In that case we held that the trial court erred in granting summary judgment to the mortgagee, First Federal Bank of California (Bank), and against the mortgagor, Ms. Ziello.

The litigation continued after our remittitur in that case. It was resolved by a judgment signed on October 23, 1998. By that time, Ms. Ziello had filed for bankruptcy under chapter 7 of the Bankruptcy Act (11 U.S.C. § 701). The court awarded her and her chapter 7 representative the sum of $62,101.13 plus statutory interest. The court left the issue of entitlement to costs to be determined at a later date. Following the usual procedure (see Cal. Rules of Court, rule 870), the amount of costs and fees was left blank and was filled into the judgment document at a later date. Those amounts were $19,590 costs and $140,260 attorney's fees. Those amounts were determined, in a December 23, 1998, order, after both sides claimed to have "prevailed."

In the meantime, on October 23, 1998, petitioners (Ms. Ziello and the representative of her estate in bankruptcy) filed a notice of appeal from the judgment entered on that date. Bank did not appeal the judgment as such. Bank filed a notice of appeal on January 14, 1999. This appeal was stated to be only from the order awarding attorney's fees and costs to petitioners, and denying fees and costs to Bank. Petitioners sought an order from this court dismissing Bank's appeal as untimely. We initially dismissed the appeal, but then vacated our order and denied the motion to dismiss.

The form of the insurance proceeds provided one of the complications of the litigation. The insurer, Safeco Insurance Co. of America, had drawn a check for the amount due for earthquake damage to Ms. Ziello's insured residence, but the check was made payable to her and to Bank. That was because Bank had been added as a named insured on the policy. On July 30, 1998, the court ordered Safeco to deliver the check or an equivalent draft to the court, and authorized the court clerk to receive it and to keep it in a separate account, against which no withdrawals were to be made except on court order. Safeco deposited the money with the court on August 5, 1998. Bank has claimed, without contradiction, that it has never held this money.

Bank proposed a stipulation to petitioners, by which the funds would be turned over to them pursuant to court order. Petitioners declined to sign the stipulation. Bank then moved the court for an order that the funds be turned over to petitioners. The motion was granted, and the turnover of funds occurred in February 1999. Interest in the amount of $22,110.92 was paid in March 1999, and an acknowledgment of partial satisfaction of judgment was filed that month.

These payments left only the costs and attorney's fees awarded by the court to be paid. Petitioners obtained a writ of execution for that money, calculated to amount to $169,634.26, and attempted to levy. Bank then obtained an ex parte order recalling and quashing the writ of execution. Petitioners followed that with the present petition for writ of mandate. They ask that we direct the trial court to set aside its order recalling and quashing the writ of execution, and to allow petitioners to proceed with execution on the costs/fees portion of the judgment, the merits of which are contested in a pending appeal by bank.

We issued an alternative writ of mandate, and we now decide the merits of the present petition.

## DISCUSSION

██  Code of Civil Procedure section 917.1, subdivision (a), provides in pertinent part that, in specified situations, a judgment is not stayed by perfection of an appeal unless an undertaking is given. (All further code citations are to the Code of Civil Procedure unless another code is specified.)

The first and most common situation in which an undertaking is required to effect a stay is specified in section 917.1, subdivision (a)(1): an appeal from a judgment or order for "[m]oney or the payment of money, whether consisting of a special fund or not, and whether payable by the appellant or another party to the action." Subdivision (b) of the statute specifies the amount and condition of the required undertaking.[1]

Subdivision (d) of section 917.1 provides: "Costs awarded by the trial court under Chapter 6 (commencing with Section 1021) of Title 14 shall be

---

[1]Subdivision (b) of section 917.1 also provides that the entire section is not applicable where the money to be paid is in the actual or constructive custody of the court. In that case, section 917.2 applies. That statute does not include a special provision with respect to costs, which is the subject of the next portion of our Discussion. Since the insurance proceeds were in the custody of the court clerk, it is arguable that section 917.1 does not apply. That point has not been raised by either party in this case, and we chose not to discuss it further.

included in the amount of the judgment or order for the purpose of applying paragraph (1) of subdivision (a) and subdivision (b). However, no undertaking shall be required pursuant to this section solely for costs awarded under Chapter 6 (commencing with Section 1021) of Title 14."[2]

The premise of petitioners' argument is that the requirement of an undertaking to stay enforcement of a judgment for money cannot be avoided by paying the damages portion of the judgment and appealing only as to costs. The argument is built on the provision in section 917.1, subdivision (b) that the judgment to which the undertaking relates includes costs, and the provision of subdivision (d) that costs shall be included in the judgment. It is an interesting argument, but it does not apply in the procedural posture of this case.

Bank did not appeal from the judgment which, when rendered, was blank with respect to the amount of costs, including attorney's fees. It was careful to appeal only from the December 23 order which determined that petitioners were the prevailing parties (and hence entitled to costs), and specifying the amount of costs and fees. While an appeal from the judgment enables review of the costs ultimately awarded (see *Grant* v. *List & Lathrop* (1992) 2 Cal.App.4th 993, 996 [3 Cal.Rptr.2d 654]), the cost order is separately appealable. (*Lakin* v. *Watkins Associated Industries* (1993) 6 Cal.4th 644, 654 [25 Cal.Rptr.2d 109, 863 P.2d 179].) Indeed, it was on this basis that we denied petitioners' motion to dismiss Bank's appeal.

Since the appeal is limited to the order awarding costs, including attorney's fees, it is within the exclusion of the final provision of section 917.1, subdivision (d). As we have discussed, that provision eliminates the requirement of an undertaking when the appeal is solely from an award of costs.

---

[2]Section 1021 is the first provision of chapter 6, "Of Costs," which in turn is part of title 14, "Miscellaneous Provisions." Section 1033.5, also part of chapter 6, includes attorney's fees authorized by a contract as an item of costs (subd. (a)(10)(A)). Civil Code section 1717, under which the attorney's fee award in this case was made, provides for reciprocity in contract-authorized attorney's fees: if the contract allows fees to one party if it prevails in an action arising from the contract, another party, adverse to the first, is entitled to fees if it prevails. (See *Scott Co.* v. *Blount, Inc.* (1999) 20 Cal.4th 1103, 1108 [86 Cal.Rptr.2d 614, 979 P.2d 974].)

Appellant did not request, and the court did not order, an undertaking pursuant to section 917.9, subdivision (a)(3) [appeal does not stay enforcement of judgment or order unless trial court requires undertaking, which is not given, for a judgment solely for costs awarded pursuant to section 1021 et seq.]. We therefore do not deal with the possible application of that provision.

## Disposition

The alternative writ is discharged; petitioners' request for writ of mandate or other extraordinary relief is denied. Real party in interest to bear its costs in this writ proceeding.

Vogel (C. S.), P. J., and Hastings, J., concurred.

On October 19, 1999, the opinion was modified to read as printed above.