[No. B134963. Second Dist., Div. Four. Oct. 27, 2000.]

ARTURO SALVADOR GALLARDO et al., Plaintiffs and Appellants, v. SPECIALTY RESTAURANTS CORPORATION, Defendant and Appellant.

**COUNSEL**

Litt & Associates, Barrett S. Litt and Annie T. Houriez for Plaintiffs and Appellants.

Snell & Wilmer, Richard A. Derevan; Ashley A. Baron; and Judith D. McMahon for Defendant and Appellant.

## OPINION

## VOGEL (C. S.), P. J.—

### INTRODUCTION

In this application for a writ of supersedeas, Robert Hahn seeks to stay enforcement of the portion of the judgment entered in favor of defendant Specialty Restaurants Corporation for Code of Civil Procedure section 1032[1] costs, contending that enforcement of those costs is automatically stayed pending resolution of the appeal in this matter. Hahn contends that portion of the judgment is subject to an automatic stay, even though the judgment also included an award for section 998 expert witness costs, for which Hahn essentially concedes an undertaking must be secured in order to stay enforcement pending appeal. We agree with Hahn and therefore grant the writ of supersedeas.

### FACTUAL AND PROCEDURAL BACKGROUND

Robert Hahn was one of five plaintiffs in the underlying lawsuit for employment discrimination brought against Specialty Restaurants. Specialty Restaurants's motion for judgment on the pleadings was granted, and the trial court entered judgment in favor of Specialty Restaurants on July 8, 1999. Specialty Restaurants was awarded expert witness costs pursuant to section 998 in the approximate amount of $3,000[2] and routine costs pursuant to section 1032 in the approximate amount of $14,000. Hahn and the other plaintiffs filed a notice of appeal from the judgment in August 1999. After being dismissed for failure to timely file an opening brief, the appeal was reinstated and remains pending before this court, awaiting completion of briefing.

On May 4, 2000, Specialty Restaurants requested, and the trial court issued, a writ of execution against Hahn in the approximate amount of $17,000, reflecting both the routine costs and the section 998 expert witness costs awarded to Specialty Restaurants. On May 18, 2000, an earnings withholding order was issued by the Orange County Marshal's Office to garnish Hahn's wages. On June 7, 2000, the writ amount was briefly lowered by Specialty Restaurants to the amount of the expert witness fees only, but the full amount was reinstated the same day.

---

[1] All further statutory references are to the Code of Civil Procedure.

[2] Petitioner points out that Specialty Restaurants's cost bill stated the expert witness fees to be $4,052.05, but in seeking to garnish petitioner's wages, Specialty Restaurants instructed the Orange County Marshal to collect $3,000 in expert witness fees.

Hahn filed an ex parte application in the trial court seeking to clarify the amount of the undertaking required to stay the action pending appeal, contending the amount should be based on the expert witness costs alone because the award of routine costs was automatically stayed pursuant to section 917.1, subdivision (d). The trial court issued an order on June 13, 2000, setting the amount of the undertaking based on the total amount of costs, including the award of routine costs.

On June 10, 2000, Hahn filed in this court a petition for writ of supersedeas or other appropriate stay order to stay the writ of execution, under which his wages were being subjected to garnishment by the Orange County Marshal.

On June 22, 2000, this court issued an order (1) temporarily staying the proceedings with respect to the trial court's June 13th order setting the amount of the bond required to effect a stay of execution pending appeal, and (2) temporarily staying all enforcement proceedings pending further order of this court.

Hahn then filed a motion to clarify our stay order, contending the Orange County Marshal refused to stop garnishment of his wages, and would not do so without an order from this court specifying that the garnishment orders are to be released. Specialty Restaurants filed opposition to the motion to clarify.

On August 25, 2000, we filed an order directing Specialty Restaurants to show cause why enforcement proceedings on the judgment awarding costs in its favor should not be stayed except as to those costs awarded pursuant to section 998. Further, we modified and amended our prior order by (1) directing Specialty Restaurants to recall, release, or otherwise extinguish any writ of execution it had caused to be issued with respect to the judgment at issue, and (2) directing the levying officer to cease levying on the wages and assets of Hahn pursuant to any writ of execution issued prior to the time of our amended order and to return to Hahn any previously levied funds in the possession of the levying officer.

Hahn filed a letter brief on September 29, 2000, informing this court that on September 6, 2000, he posted with the superior court an undertaking in the amount of $5,155.34. According to Hahn, that amount is sufficient to secure the section 998 cost award, less any sums already collected and turned over to Specialty Restaurants.

### Discussion

The issue before us is one of first impression: what amount of undertaking is required in order to stay enforcement pending appeal of a

judgment consisting of expert witness costs (§ 998)[3] and routine costs (§ 1032).[4] Or simply put, must the amount of the undertaking be based upon the combined section 998 and section 1032 costs, or only the section 998 costs?

As we will explain, we interpret the controlling statute, section 917.1, as requiring an undertaking based only on the amount of the section 998 costs; enforcement of the section 1032 costs is automatically stayed pending appeal under these circumstances.

■ "Supersedeas is the appropriate remedy when it appears that a party is refusing to acknowledge the applicability of statutory provisions 'automatically' staying a judgment while an appeal is being pursued." (*Nielsen v. Stumbos* (1990) 226 Cal.App.3d 301, 303 [276 Cal.Rptr. 272].)

■ Section 916, subdivision (a) provides: "Except as provided in Sections 917.1 to 917.9 . . . the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order."

Section 917.1 provides as follows: "(a) Unless an undertaking is given, the perfecting of an appeal shall not stay enforcement of the judgment or order in the trial court if the judgment or order is for any of the following:

---

[3]Section 998, subdivision (c)(1) provides: "If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment or award, the plaintiff shall not recover his or her postoffer costs and shall pay the defendant's costs from the time of the offer. In addition, in any action or proceeding other than an eminent domain action, the court or arbitrator, in its discretion, may require the plaintiff to pay a reasonable sum to cover costs of the services of expert witnesses, who are not regular employees of any party, actually incurred and reasonably necessary in either, or both, preparation for trial or arbitration, or during trial or arbitration, of the case by the defendant."

[4]Section 1032, subdivision (a)(4) provides: " 'Prevailing party' includes the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant. When any party recovers other than monetary relief and in situations other than as specified, the 'prevailing party' shall be as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not and, if allowed may apportion costs between the parties on the same or adverse sides pursuant to rules adopted under Section 1034."

Section 1032, subdivision (b) provides: "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." Section 1033.5 itemizes the items allowable as costs under section 1032.

"(1) Money or the payment of money, whether consisting of a special fund or not, and whether payable by the appellant or another party to the action.

"(2) Costs awarded pursuant to Section 998 which otherwise would not have been awarded as costs pursuant to Section 1033.5.

"(3) Costs awarded pursuant to Section 1141.21 which otherwise would not have been awarded as costs pursuant to Section 1033.5.

"(b) The undertaking shall be on condition that if the judgment or order or any part of it is affirmed or the appeal is withdrawn or dismissed, the party ordered to pay shall pay the amount of the judgment or order, or the part of it as to which the judgment or order is affirmed, as entered after the receipt of the remittitur . . . . The undertaking shall be for double the amount of the judgment or order unless given by an admitted surety insurer in which event it shall be for one and one-half times the amount of the judgment or order. . . . [¶] . . . [¶]

"(d) Costs awarded by the trial court under Chapter 6 (commencing with Section 1021) of Title 14 shall be included in the amount of the judgment or order *for the purpose of applying paragraph (1) of subdivision (a) and subdivision (b).* However, no undertaking shall be required pursuant to this section solely for costs awarded under Chapter 6 (commencing with Section 1021) of Title 14." (Italics added.)

We interpret section 917.1 as requiring an undertaking for the portion of the judgment consisting of section 998 expert witness costs, but not for the section 1032 routine costs. Section 917.1 specifies that costs awarded under section 1021 et seq. shall be included in the amount of the judgment or order for the purpose of applying paragraph (1) of subdivision (a), which refers to money judgments, and subdivision (b), which specifies the amount of the undertaking required to stay execution. The Legislature's inclusion of money judgments (par. (1) of subd. (a)) and exclusion of costs under section 998 and section 1141.21 (pars. (2) and (3) of subd. (a)), indicates an explicit policy choice to differentiate between routine costs awarded along with money judgments on the one hand, and routine costs awarded along with section 998 and section 1141.21 costs on the other hand. Had the Legislature intended that routine costs be included in the amount of the judgment for purposes of securing an undertaking where the only additional award was for section 998 costs, it would have referred in subdivision (d) simply to subdivision (a) as a whole, or to paragraphs (1) and (2) of subdivision (a).

In support of its argument that it was entitled to seek enforcement of the entire judgment in the absence of any undertaking, Specialty Restaurants

relies on *Banks v. Manos* (1991) 232 Cal.App.3d 123 [283 Cal.Rptr. 318]. There, the Court of Appeal held that the entire judgment—consisting of costs, attorney fees imposed as sanctions, and attorney fees awarded to the prevailing parties pursuant to a contract—was required to be bonded in order to stay execution pending appeal.

At the time *Banks v. Manos* was decided, section 917.1 was worded differently than it is now. Former subdivision (a) provided: "The perfecting of an appeal shall not stay enforcement of the judgment or order in the trial court if the judgment or order is for money or directs the payment of money, whether consisting of a special fund or not, and whether payable by the appellant or another party to the action, unless an undertaking is given." In 1986, section 917.1 had been amended to add former subdivision (d), which stated as follows: "Costs awarded by the trial court under Chapter 6 (commencing with Section 1021) of Title 14 shall be included in the amount of the judgment or order for the purpose of applying subdivisions (a) and (b)." Given the statutory language applicable at the time, the court in *Banks v. Manos, supra,* 232 Cal.App.3d 123, concluded that "[u]nder the 1986 amendment to Code of Civil Procedure section 917.1, costs awarded in the trial court must be included when calculating the amount of the bond required to stay execution pending appeal. (Code Civ. Proc., § 917.1, subd. (d).) [T]hat amendment was not intended to alter the traditional rule that an award of costs alone is stayed by an appeal without bond. [Citation.] However that amendment indicates a legislative intent to require bonding of an entire judgment when some part of it must be bonded." *(Banks v. Manos, supra,* at p. 127.)

However, since *Banks v. Manos,* was decided, section 917.1 was again amended in 1993: subdivision (a) was changed to its current wording, which enumerates money judgments, section 998 costs, and section 1141.21 costs (in pars. (1) through (3), respectively), as judgments or orders for which an undertaking is necessary to stay enforcement. Notably, subdivision (d) of the section also was amended to substitute "paragraph (1) of subdivision (a) and subdivision (b)" for "subdivisions (a) and (b)"—indicating that routine costs shall be added to the amount of a money judgment when determining the amount of an undertaking required to stay execution pending appeal, but routine costs are not to be added to awards of section 998 or section 1141.21 costs.[5]

---

[5]The 1993 amendment of section 917.1 also added the second sentence of subdivision (d), specifying that no undertaking is required for a judgment consisting of only costs awarded under section 1021 et seq.

Specialty Restaurants's reliance on *Bank of San Pedro v. Superior Court* (1992) 3 Cal.4th 797 [12 Cal.Rptr.2d 696, 838 P.2d 218] is misplaced. Based on its interpretation of section 917.1 as it then read, the Supreme Court held that awards of section 998 costs are not automatically stayed pending appeal. The Supreme Court noted that the defendant Bank had not sought to enforce the portion of the judgment for routine costs, but only sought to enforce the judgment for expert witness fees. (3 Cal.4th at p. 799.) However, in dicta, the Supreme Court stated—based on the wording of section 917.1 then in effect—that the amount of routine costs awarded must be included along with the amount of a damages judgment for the purpose of computing the amount of the required undertaking. (3 Cal.4th at p. 801, fn. 2.)

The Legislature's 1993 amendment of section 917.1 codified the holding in *Bank of San Pedro* that an award of section 998 costs must be bonded. (§ 917.1, subd. (a)(2).) But, contrary to the dicta in *Bank of San Pedro*, as we have noted, the 1993 amendment of section 917.1 made clear that routine costs are not to be included along with section 998 costs in determining the amount of undertaking required to effect a stay of execution pending appeal. (§ 917.1, subd. (d).)

Hahn requests that we apportion the amount of the undertaking among the five plaintiffs. That issue is better left to the trial court to decide in the first instance. (§ 1032, subd. (a)(4) ["When any party recovers other than monetary relief . . . , the court, in its discretion, may allow costs or not and, if allowed *may apportion costs between the parties* on the same or adverse sides pursuant to rules adopted under Section 1034."] (Italics added.).)

Hahn further requests that we order that no undertaking at all be required to stay execution of the entire judgment pending appeal. We decline to do so. Such an order would contravene section 917.1, subdivision (a)(2), and Hahn has failed to demonstrate that we should diverge from that requirement. Indeed, Hahn has already posted an undertaking he contends is sufficient to secure the portion of the judgment for section 998 costs.

### DISPOSITION

Let a writ of supersedeas issue staying enforcement of the portion of the judgment consisting of section 1032 routine costs, pending resolution of the

appeal in this matter. Robert Hahn is awarded costs. (Cal. Rules of Court, rule 56.4.)

Epstein, J., and Hastings, J., concurred.