Filed 3/27/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| AMANDA QUILES, | |
| Plaintiff and Respondent, | G054353 |
| v. | (Super. Ct. No. 30-2010-00425532) |
| ARTHUR J. PARENT, JR., | O P I N I O N |
| Defendant and Appellant. | |

Petition for writ of supersedeas on an appeal from a judgment of the Superior Court of Orange County, William D. Claster, Judge. Petition granted.

Law Office of Stephen A. Madoni and Stephen A. Madoni for Defendant and Appellant.

Bryan Schwartz Law and Bryan Schwartz; Levene, Neale, Bender, Yoo & Brill and Daniel H. Reiss for Plaintiff and Respondent.

\* \* \*

THE COURT:[*]

A judgment debtor must bond a money judgment to stay its execution pending resolution of an appeal. (Code Civ. Proc., § 917.1, subd. (a)(1).)[1] "However, no undertaking shall be required . . . solely for costs awarded under" section 1021 et seq. (§ 917.1, subd. (d).)

Judgment was entered in favor of plaintiff Amanda Quiles and against defendant Arthur Parent, Jr. Parent satisfied the damages portion of the judgment. Parent's appeal relates solely to the awards of attorney fees and costs that followed the initial entry of judgment. Parent did not satisfy or bond the awards of costs and attorney fees.

Quiles is attempting to collect the remainder of her judgment pending this appeal. The trial court denied Parent's request to stay enforcement of the judgment. Parent asks this court to issue a writ of supersedeas clarifying that the remainder of the judgment is automatically stayed pending appeal.

We conclude that the attorney fees and costs awarded to Quiles qualify as "costs" under section 1021 et seq. We therefore issue the requested writ of supersedeas, staying enforcement of the remainder of the judgment pending resolution of this appeal.

FACTS

Quiles (and other plaintiffs) initially filed this case in 2010 as a wage and hour class action against Parent (and additional defendants). The complaint featured causes of action under the Labor Code and the federal Fair Labor Standards Act (FLSA).

---

[*] Before O'Leary, P.J., Fybel, J., and Ikola, J.

[1] Unless otherwise specified, all statutory references are to the Code of Civil Procedure.

2

Quiles dismissed her individual wage and hour claims to allow her subsequently added wrongful termination claim to proceed to trial.

Quiles pursued her wrongful termination cause of action under the FLSA. (29 U.S.C. § 215(a)(3) [unlawful "to discharge . . . any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter"].)  FLSA claims may be brought "in any Federal or State court of competent jurisdiction . . . ."  (29 U.S.C. § 216(b).)  As to damages in a FLSA wrongful termination action, an employer "shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of [the statute], including without limitation . . . the payment of wages lost and an additional equal amount as liquidated damages."  (29 U.S.C. § 216(b).)  "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  (29 U.S.C. § 216(b).)

A jury returned a special verdict in favor of Quiles.  The jury found that: (1) Quiles' lawsuit was a substantial motivating reason for her discharge; (2) defendants' (including Parent's) conduct was a substantial factor in causing harm to Quiles; and (3) defendants failed to prove that they would have made the same decision based upon a legitimate, non-retaliatory reason.

The jury found Quiles suffered damages as follows:  (1) economic damages for loss of past earnings — $3,000; (2) non-economic loss, including emotional distress — $27,500; and (3) punitive damages — $350,000.  The trial court awarded an additional sum of $3,000 for "liquidated damages."  (See 29 U.S.C. § 216(b).)  Blank lines were included in the initial judgment for reasonable attorney fees and costs of litigation.  In sum, when judgment was entered on April 19, 2016, the total damages award stood at $383,500.

Defendants (including Parent) moved for a new trial.  The court conditionally granted the new trial motion, subject to Quiles consenting to a reduction of

3

the punitive damage award to $175,000. (See § 662.5, subd. (a)(2).) Quiles accepted the proposed reduction, bringing the total damage award down to $208,500.

Also after the entry of the initial April 2016 judgment, Quiles sought attorney fees and costs in accordance with California procedure. On May 5, 2016, Quiles filed a memorandum of costs. (Cal. Rules of Court, rule 3.1700(a).) On June 20, 2016, Quiles filed a motion for attorney fees. (Cal. Rules of Court, rule 3.1702(b); § 1033.5, subd. (c)(5)(A).) Defendants filed a motion to tax costs (Cal. Rules of Court, rule 3.1700(b)) and an opposition to the motion for attorney fees. The court conducted a hearing on these matters on August 26, 2016.

The court awarded $689,310.04 in attorney fees to Quiles by way of a lengthy statement of decision entered on September 27, 2016. In a separate September 30 order, the court awarded $50,591.69 in costs to Quiles. An amended judgment was entered on October 18, 2016, which reflected the updated damage award (total of $208,500), the attorney fee award ($689,310.04), and the cost award ($50,591.69).

On December 2, 2016, Parent filed a notice of appeal. Parent had previously sent a $50,000 check to Quiles, with an explanation that he intended to appeal solely the attorney fee and cost awards (not the underlying judgment). Parent made additional payments of $158,500 (on Jan. 10, 2017) and $13,916.17 (on Jan. 17, 2017), fully satisfying the damages component of the judgment and interest thereon. According to the petition, Parent intends to argue on appeal that the court abused its discretion by: (1) awarding generally excessive costs and attorney fees; (2) awarding costs and fees that pertained solely to the wage and hour case (not the wrongful termination cause of action); and (3) awarding costs prohibited by section 1033.5.

Meanwhile, Quiles took steps to enforce the judgment against Parent. The clerk of court issued a writ of execution on November 4, 2016. (§ 699.510 et seq.) On December 8, 2016, Quiles filed a motion seeking appointment of a receiver (§ 708.610 et seq.) and a charging order (§ 708.310 et seq.). On December 15, 2016, Quiles served

4

subpoenas to take judgment debtor examinations.  (§ 708.110 et seq.)  Parent received a notice of levy on his bank account on February 2, 2017.  (§ 700.140.)

The court denied Parent's ex parte application to stay enforcement of the judgment pending appeal.  The court indicated that Parent would need to appear for a judgment debtor's examination, but that, so long as Parent did so, the court would not grant the motion for a receiver or charging order.

On February 14, 2017, Parent filed a petition for writ of supersedeas and request for a temporary stay.  Quiles filed an opposition to the petition and stay request on February 15, 2017.  We issued a temporary stay of enforcement proceedings and invited additional briefing, which the parties have provided.

DISCUSSION

Appellate courts are empowered to issue a writ of supersedeas in appropriate circumstances.  (§ 923; Cal. Rules of Court, rules 8.112, 8.116)  A writ of supersedeas is an appellate court order suspending the enforcement of a trial court judgment or order while an appeal is pending.  (See *Smith v. Smith* (1941) 18 Cal.2d 462, 464-465.)

The primary question presented by this petition is whether Parent is statutorily entitled to a stay of enforcement proceedings.  "'Supersedeas is the appropriate remedy when it appears that a party is refusing to acknowledge the applicability of statutory provisions "automatically" staying a judgment while an appeal is being pursued.'"  (*Gallardo v. Specialty Restaurants Corp.* (2000) 84 Cal.App.4th 463, 467 (*Gallardo*).)

Our review is de novo, as the answer turns on the interpretation of applicable statutes and cases.  The pertinent facts are undisputed.  Moreover, because the question here is whether Parent is entitled to an automatic stay, "it is unnecessary for us

5

to balance or weigh the arguments with reference to the possible irreparable injury to [the parties] as would be necessary if the question of the issuance of the writ was solely a matter of our discretion." (*Feinberg v. One Doe Co.* (1939) 14 Cal.2d 24, 29.)[2]

*Money Judgments Must Be Bonded*

Subject to numerous exceptions, "the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from . . . including enforcement of the judgment or order . . . ." (§ 916, subd. (a).) Parent perfected an appeal from the postjudgment awards of attorney fees and costs, reflected in separate postjudgment orders and the amended judgment.

The only exception at issue is the longstanding statutory rule that money judgments are *not* automatically stayed on appeal. "Unless an undertaking is given, the perfecting of an appeal shall not stay enforcement of the judgment or order in the trial court if the judgment or order is for any of the following: [¶] (1) Money or the payment of money . . . . [¶] (2) Costs awarded pursuant to Section 998 which otherwise would not have been awarded as costs pursuant to Section 1033.5. [¶] (3) Costs awarded pursuant to Section 1141.21 which otherwise would not have been awarded as costs pursuant to Section 1033.5." (§ 917.1, subd. (a); see Stats. 1993, ch. 456, § 13, pp. 2534-

---

[2]    The petition also asks this court, in the alternative, to exercise its discretion (§ 923) to issue a writ of supersedeas. There are three problems with this request. First, this argument was not raised below in Parent's ex parte application for a stay of enforcement proceedings. (*Nuckolls v. Bank of California, Nat. Assn.* (1936) 7 Cal.2d 574, 577 [appellate court generally should not issue supersedeas relief unless matter has been presented to trial court in the first instance].) Second, as a result, there is a dearth of evidence in the record pertaining to the respective harm to the parties in staying the judgment. The facts alleged in the verified petition are conclusory with regard to irreparable harm. Third, appellate courts should only issue a discretionary stay of a money judgment in "exceptional circumstances," which have not been shown here. (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2016) ¶ 7:282, p. 7-81.) Thus, Parent's petition will succeed or fail based solely on the applicability of the automatic statutory stay.

6

2535 [amending previous version of § 917.1, in part by adding the language in subdivision (a)(2) and (3)].)

The amended judgment included awards for damages ($208,500), attorney fees ($689,310.04), and costs ($50,591.69). Totaled up, Parent was ordered to pay Quiles $948,401.73. No costs were awarded pursuant to section 998 (e.g., expert witness fees). Nor were costs awarded pursuant to section 1141.21 (i.e., costs and fees arising out of a trial de novo in a limited civil matter).

The judgment was clearly a money judgment under section 917.1, subdivision (a)(1), which needed to be bonded for a stay of enforcement to occur. An appropriate undertaking would amount to at least one and one-half times the judgment. (See § 917.1, subd. (b).) And the undertaking would be calculated based on the entire judgment ($948,401.73), not just the damages award. (*Vadas v. Sosnowski* (1989) 210 Cal.App.3d 471, 473 ["costs shall be part of the amount of the judgment for purposes of the undertaking"]; see § 917.1, subd. (d) ["Costs awarded by the trial court under Chapter 6 (commencing with Section 1021) of Title 14 shall be included in the amount of the judgment or order for the purpose of applying paragraph (1) of subdivision (a) and subdivision (b)." ].)[3]

*But Judgments for Costs Alone Need Not be Bonded*

If only this case were so simple. There is an exception to the exception requiring money judgments to be bonded. For nearly 125 years, the "well established" rule in this state has been that a judgment consisting solely of costs is not a money judgment requiring an undertaking. (*Bank of San Pedro v. Superior Court* (1992) 3

---

[3] But compare *Gallardo*, *supra*, 84 Cal.App.4th at pages 468-470, in which the court rightly held that the undertaking should be calculated based solely on the award of $3,000 in expert witness fees pursuant to section 998, not the additional $17,000 in ordinary costs. The first sentence of section 917.1, subdivision (d), applies only to paragraph (1) of subdivision (a), not paragraphs (2) or (3).

7

Cal.4th 797, 801 (*Bank of San Pedro*); see *McCallion v. Hibernia etc. Society* (1893) 98 Cal. 442, 445.) Our Supreme Court, construing statutory antecedents of sections 916 and 917.1, was concerned that if a judgment for costs was deemed to be a money judgment, "virtually every judgment would be within the scope of [the money judgment exception], and an undertaking would be required to stay every judgment pending appeal. The exception . . . to the automatic stay provision . . . would cease to be an exception; it would subsume the general rule. Such a result could not have been consistent with the Legislature's intent." (*Bank of San Pedro*, at p. 801.)

Consistent or not with prior legislators' intent, this exception was finally codified in 1993 (one year after the *Bank of San Pedro* case): "However, no undertaking shall be required pursuant to this section solely for costs awarded under Chapter 6 (commencing with section 1021) of Title 14." (§ 917.1, subd. (d); Stats. 1993, ch. 456, § 13, p. 2535 [amending previous version of § 917.1, in part by adding this sentence].)

This rule alone does not get Parent very far. After all, the court awarded $208,500 in actual damages against Parent. The amended judgment consisted of more than "costs," even assuming that the hefty attorney fee ($689,310.04) and cost ($50,591.69) awards fall within section 917.1, subdivision (d) — a point discussed in greater detail below.

Parent's solution to this predicament was to pay off the damages award (plus interest) and appeal only the award of attorney fees and costs. He claims that this maneuver converted what appeared to be a money judgment into a judgment solely for costs. And he has case law to back up his claim. (*Ziello v. Superior Court* (1999) 75 Cal.App.4th 651 (*Ziello*).)

In *Ziello*, judgment was entered awarding $62,101.13 in damages to judgment creditors. (*Ziello*, *supra*, 75 Cal.App.4th at p. 653.) Postjudgment motion practice resulted in an order awarding $19,590 in costs and $140,260 in attorney fees to the judgment creditors. (*Ibid.*) The judgment debtor appealed only the order awarding

8

attorney fees and costs. (*Ibid*.) The judgment debtor arranged for the payment of the damage award and interest. (*Id*. at pp. 653-654.)[4] "These payments left only the costs and attorney's fees awarded by the court to be paid." (*Id*. at p. 654.) Judgment creditors attempted to enforce the remainder of the judgment; the trial court issued an ex parte order quashing the writ of execution. (*Ibid*.)

The *Ziello* court denied judgment creditors' petition for writ of mandate. (*Ziello*, *supra*, 75 Cal.App.4th at p. 656.) The judgment debtor "did not appeal from the judgment which, when rendered, was blank with respect to the amount of costs, including attorney's fees. It was careful to appeal only from the . . . order which determined that [judgment creditors] were the prevailing parties (and hence entitled to costs), and specifying the amount of costs and fees." (*Id*. at p. 655.) "Since the appeal is limited to the order awarding costs, including attorney's fees, it is within the exclusion of the final provision of section 917.1, subdivision (d)." (*Ibid*.)[5]

The analysis in *Ziello* is brief and unsatisfying. Nonetheless, it has been "good law" since 1999 — our research discloses no criticism of the holding in case law or commentary. And the rule it announces is more fair than the alternative. A costs-only defense judgment need not be bonded by a losing plaintiff. (§ 917.1, subd. (d).) However, if *Ziello* is wrong, a losing defendant must bond the costs portion of a judgment — even if he or she chooses to appeal solely the award of costs and satisfies the

---

[4] The *Ziello* court noted that the parties had waived an argument that this was not a money judgment because the disputed funds were in the custody of the court. The case was analyzed as if it were a money judgment under section 917.1. (*Ziello*, *supra*, 75 Cal.App.4th at p. 654, fn. 1.)

[5] Again, we are reserving the question of whether attorney fees are "costs" for later in this opinion. Here, the focus is on whether a judgment debtor may transmogrify a money judgment into a costs-only judgment by appealing only the postjudgment award of costs.

damages award.[6] *Ziello* puts plaintiffs and defendants on the same footing with regard to costs awards under section 917.1, subdivision (d). (See *Bank of San Pedro*, *supra*, 3 Cal.4th at pp. 804-805 [equalizing treatment of plaintiffs and defendants is an important policy factor to consider when interpreting § 917.1].) We therefore agree with the holding in *Ziello*.

Applying *Ziello* to the facts here, it is clear that Parent is appealing only the awards of attorney fees and costs and not the underlying damage award. Parent has satisfied the underlying damage award. *If* the remaining attorney fees and costs are "costs" under section 917.1, subdivision (d), Parent is entitled to an automatic stay without posting an undertaking.

We therefore must determine whether the costs and attorney fees awarded here are "costs awarded under Chapter 6 . . . of Title 14." (§ 917.1, subd. (d).)

*What Costs Comprise a "Costs-Only" Judgment?*

Chapter 6 of Title 14 of the Code of Civil Procedure includes sections 1021 through 1038. "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." (§ 1032, subd. b).)

The current version of section 1033.5, subdivision (a) features a list of 16 categories of items "allowable as costs under Section 1032 . . . ." (See, e.g., § 1033.5, subd. (a)(1) ["Filing, motion, and jury fees"], (a)(3)(A) ["Taking, video recording, and

---

[6] It is unclear whether *Ziello* actually requires an appellant to satisfy the damages portion of the judgment to obtain the benefit of its rule. Perhaps all that is needed is a notice of appeal limited to the costs award. Here, like the appellant in *Ziello*, Parent satisfied the damages portion of the judgment. In our view, the satisfaction of the damages portion of the judgment should be a condition precedent to gaining the benefit of the section 917.1, subdivision (d), automatic stay.

10

transcribing necessary depositions"], (a)(4) ["Service of process"], (a)(11) ["Court reporter fees"].)

Attorney fees are allowable as costs, "when authorized by any of the following: [¶] (A) Contract. [¶] (B) Statute. [¶] (C) Law." (§ 1033.5, subd. (a)(10); see also § 1021, Civ. Code, § 1717, subd. (a) [when authorized by contract, "attorney's fees . . . shall be an element of the costs of suit"]; *Santisas v. Goodin* (1998) 17 Cal.4th 599, 606 ["recoverable litigation costs do include attorney fees, but only when the party entitled to costs has a legal basis, independent of the cost statutes and grounded in an agreement, statute, or other law, upon which to claim recovery of attorney fees"].)

Indeed, the majority of the sections included in Chapter 6 of Title 14 explicitly authorize the award of attorney fees in specific types of cases, though none of these sections applies to the case at hand. (See §§ 1021.4 [defendant suffers felony conviction for conduct at issue], 1021.5 [success in public interest litigation], 1021.6 [implied indemnity claim], 1021.7 [action for damages arising out of performance of peace officer duties], 1021.8 [awards to Attorney General in certain actions], 1021.9 [certain trespassing actions], 1021.10 [actions for failure to comply with federal law regarding sale of cigarettes], 1028.5 [actions between small businesses and state regulatory agencies], 1029.8 [action against unlicensed persons], 1031 [certain actions for recovery of wages], 1036 [inverse condemnation], 1038 [bad faith actions brought under Government Claims Act].)

At the very least, the plain language of section 917.1, subdivision (d), suggests that *many* attorney fee awards can be part of a "costs-only" judgment that need not be bonded to stay an appeal. Case law bears this point out. (See *Chapala Managment Corp. v. Stanton* (2010) 186 Cal.App.4th 1532, 1546-1547 [statutory

11

attorney fees] (*Chapala*); *Ziello*, *supra*, 75 Cal.App.4th at pp. 653-655; *Nielsen v. Stumbos* (1990) 226 Cal.App.3d 301, 304-305 [contractual attorney fees].)[7]

*Chapala* is the most recent authority opining on this question. A homeowners' association won injunctive relief against defendant homeowners to enforce a rule concerning the color of windows. (*Chapala*, *supra*, 186 Cal.App.4th at pp. 1534-1535, 1540.) Though there were no damages, the court awarded the association attorney fees and costs. (*Id.* at p. 1540.) The homeowners did not bond their appeal; they sought supersedeas relief from the appellate court when the trial court refused to stay enforcement of the judgment. (*Id.* at p. 1541.) The appellate court held that the homeowners were entitled to supersedeas relief because the attorney fees were costs as authorized by statute, Civil Code section 1354. (*Chapala*, at pp. 1546-1547.)

Turning back to costs other than attorney fees, section 1033.5, subdivision (b), sets forth a list of five items that "are not allowable as costs, *except when expressly authorized by law*: [¶] (1) Fees of experts not ordered by the court. [¶] (2) Investigation expenses in preparing the case for trial. [¶] (3) Postage, telephone, and photocopying charges, except for exhibits. [¶] (4) Costs in investigations of jurors or in preparation for voir dire. [¶] (5) Transcripts of court proceedings not ordered by the court." (Italics added.) Thus, even seemingly prohibited costs under section 1033.5 can be awarded as costs if they are otherwise expressly authorized by law.

---

[7] Of course, attorney fees are not always recovered as costs pursuant to a postjudgment motion. Sometimes, attorney fees from a prior case are recovered as actual damages. (See, e.g., *Mega RV Corp. v. HWH Corp.* (2014) 225 Cal.App.4th 1318, 1337-1340 [tort of another doctrine]; *Pace v. Hillcrest Motor Co.* (1980) 101 Cal.App.3d 476, 478 [malicious prosecution action].) Another exception to the "attorney fees as costs" framework is a sanctions award, which can be an appealable order in its own right and can be entered against a party and that party's attorney. (*Banks v. Manos* (1991) 232 Cal.App.3d 123, 129 ["An award of sanctions is more like a money judgment than it is like costs"].) But in the case before us, Quiles recovered her attorney fees and other costs pursuant to postjudgment motion practice.

12

Moreover, there are two subtly different catchall provisions for the recovery of costs. First, costs may include "[a]ny other item that is required to be awarded to the prevailing party pursuant to statute as an incident to prevailing in the action at trial or on appeal." (§ 1033.5, subd. (a)(16).) Second, "[i]tems not mentioned in this section and items assessed upon application may be allowed or denied in the court's discretion." (§ 1033.5, subd. (c)(4).)

In sum, the applicable statutes are complex, but very little appears to be absolutely excluded from classification as a "cost" by the language of section 1033.5. Based solely on reading the applicable statutes, there is a reasonable argument that nearly all postjudgment awards of costs in California courts should be subject to the automatic stay of section 917.1, subdivision (d), including attorney fees and unusual costs particular to specific statutes or contracts. The only obvious exceptions would be those stated in the statute, section 998 and section 1141.21 costs. (§ 917.1, subd. (a).)

Indeed, one court essentially stated this sensible rule just prior to the amendment of section 917.1 in 1993: "There is no reason for the courts to become mired in a microscopic examination of a successful party's cost bill in order to evaluate whether any particular cost item is usual or unusual, typical or nontypical or 'routine' or 'non-routine.' A bright line rule that all costs, which are expressly authorized to be awarded under the provisions of section 1033.5, shall be treated alike for purposes of applying section 916, is reasonable and simple to apply. Such a rule will enable trial courts to resolve issues . . . without expensive and time consuming litigation." (*Pecsok v. Black* (1992) 7 Cal.App.4th 456, 462 (*Pecsok*); *id.* at pp. 458-459, 462-463 [judgment consisting of attorney fees, costs, and additional "'litigation expenses'" authorized by contract, including expert witness fees, was stayed without the need for an undertaking].)

13

*The Source of Confusion*

Mere months later, our Supreme Court held that a costs-only judgment, which included expert witness fees awarded under section 998, was not stayed pending appeal without an undertaking. (*Bank of San Pedro*, *supra*, 3 Cal.4th at pp. 803-805.) In doing so, the court disapproved of *Pecsok* to the extent it was contrary to this new holding. (*Id*. at p. 803, fn. 4.)

At the time, section 917.1 neither specifically addressed expert witness fees under section 998 (cf. § 917.1, subd. (a)(2)) nor included the rule that a costs-only judgment is stayed without an undertaking (cf. § 917.1, subd. (d)). The previous version of section 917.1 was a blank canvas for purposes of applying the court-made rule that costs-only judgments are stayed without the need for a bond: "(a) The perfecting of an appeal shall not stay enforcement of the judgment or order in the trial court if the judgment or order is for money or directs the payment of money, whether consisting of a special fund or not, and whether payable by the appellant or another party to the action, unless an undertaking is given. [¶][¶][¶] (d) Costs awarded by the trial court under Chapter 6 (commencing with Section 1021) of Title 14 shall be included in the amount of the judgment or order for the purpose of applying subdivisions (a) and (b)." (Stats. 1986, ch. 1174, § 1, pp. 4172-4173.)

The *Bank of San Pedro* court reasoned that the premise of its prior jurisprudence was to avoid negating the general rule that a perfected appeal stays enforcement of a judgment. "The same rationale does not apply to an award of expert witness fees or other costs under section 998, subdivision (c) because such an award is neither routine nor incidental to the judgment." (*Bank of San Pedro*, *supra*, 3 Cal.4th at p. 803.) Section 998 costs are not awarded in every case. They are "non-routine" because they can (in certain cases) be awarded to a losing party and they are always discretionary rather than by right. (*Bank of San Pedro*, at p. 803.) Returning to the language of the statute (as it existed in 1992), the court noted that "a judgment directing

14

the payment of expert witness fees is — by any practical or semantic measure — a judgment directing the payment of money . . . ." (*Id.* at p. 804.) Of course, so is a judgment directing the payment of ordinary costs. But requiring an expert witness fees judgment to be bonded would not "virtually eviscerate[] section 916." (*Ibid.*) The court added that its holding would vindicate the policy of section 998 to encourage settlement by equalizing the treatment of plaintiffs and defendants — it would reduce a plaintiff's incentive to settle if he or she realized there would be no potential need for an undertaking for an award of costs under section 998. (*Bank of San Pedro*, at pp. 804-805.)

Thus, in 1992, our Supreme Court established a framework for analyzing whether particular categories of costs are money judgments or costs-only judgments. The black letter rule taken away from the case was that a court must decide whether the particular costs in question are "routine" or "nonroutine." (See, e.g., *Chapala*, *supra*, 186 Cal.App.4th at p. 1546 ["we conclude . . . the attorney fees awarded are a routine or incidental item of costs, awarded as a matter of right to the prevailing party"]; *Dowling v. Zimmerman* (2001) 85 Cal.App.4th 1400, 1432 ["An award of reasonable attorney fees and costs under the anti-SLAPP statute cannot be construed as an award of routine or incidental costs subject to the automatic stay rule"]; see also *Behniwal v. Mix* (2007) 147 Cal.App.4th 621, 633-634.) The bright line approach of *Pecsok* was relegated to ignominy by a footnote. (*Bank of San Pedro*, *supra*, 3 Cal.4th at p. 803, fn. 4.)

*A Simpler Approach*

It seems to us, however, that the general thrust of *Pecsok* was only slightly before its time. In 1993, the Legislature amended section 917.1 to "revise the circumstances in which an undertaking is required in order for the enforcement of a judgment or order to be stayed on appeal, and instances in which attorney's fees are

15

allowed as costs." (Legis. Counsel's Dig., Assem. Bill No. 58 (1993-1994 Reg. Sess.) [introduction to amendments].)

Section 917.1, subdivision (a) was amended to include three paragraphs, one of which explicitly required a bond to stay a judgment consisting of "[c]osts awarded pursuant to Section 998 which otherwise would not have been awarded as costs pursuant to Section 1033.5." (§ 917.1, subd. (a)(2); Stats. 1993, ch. 456, § 13, p. 2534.) This codified the narrow holding of *Bank of San Pedro*. But it is now clear that an expert witness fee award under section 998 is not, on its own, a money judgment under section 917.1, subdivision (a)(1). Instead, it resides in a separate category of judgments and orders that require a bond for a stay on appeal. (§ 917.1, subd. (a)(2).) And the Legislature did not create any additional categories of costs to which this rule applied, other than section 1141.21 costs (which, like § 998 costs, clearly are inapplicable to this case). (§ 917.1, subd. (a)(3).) The intent of this amendment was to "require an undertaking or a bond to be filed for a stay of enforcement of an order for extraordinary costs awarded pursuant to *specified* [Code of Civil Procedure] sections." (Sen. Com. on Judiciary, Rep. on Assem. Bill No. 58 (1993-1994 Reg. Sess.) Aug. 17, 1993, p. 2, italics added.)

Moreover, section 917, subdivision (d), was amended to codify the costs-only judgment rule: "[N]o undertaking shall be required pursuant to this section solely for costs awarded under Chapter 6 (commencing with section 1021) of Title 14." (§ 917.1, subd. (d); Stats. 1993, ch. 456, § 13, p. 2535.) The current statute does not state that the rule applies only to "routine" costs. The current statute does not state that the rule applies only to awards of costs that are mandatory, non-discretionary, and/or reciprocal. (Cf. *Dowling v. Zimmerman*, *supra*, 85 Cal.App.4th at pp. 1432-1433 [mandatory anti-SLAPP attorney fees for moving party are not routine because they are not reciprocal].) Instead, the current statute states that "no undertaking shall be required . . . solely for costs awarded" under section 1021 et seq. As suggested by the analysis

16

above (*ante*, pp. 10-13), there are many categories of costs referenced in sections 1021 to 1038 that are non-routine, discretionary, and/or non-reciprocal. (See, e.g., § 1021.5 [discretionary, non-reciprocal attorney fee authorization for public interest litigation based on complicated multi-factor test], § 1038 [non-reciprocal payment of defense costs, including attorney fees and expert witness fees, when plaintiff brings Government Claims Act action in bad faith].)

There is no longer any need to rely on the original purpose of the courts in creating the costs-only judgment rule. By way of the 1993 amendments, the Legislature made it possible to apply the law in this area by determining, simply enough, whether the costs at issue are awarded pursuant to sections 1021 to 1038. Obviously, we do not and could not disagree with *Bank of San Pedro*, *supra*, 3 Cal.4th 797 and its interpretation of pre-1993 law. Instead, we conclude that much of the specific analysis and rationale of *Bank of San Pedro* was superseded by 1993 amendments to the Code of Civil Procedure.

A reasonable objection might be raised that the distinction between damages judgments and costs judgments makes little sense in a case like the instant one, where the attorney fee award triples the amount of actual damages.[8] But regardless of whether section 917.1 in isolation has drawn the right balance, it must be noted that trial courts have discretion to impose an undertaking requirement with regard to a judgment solely for costs. (§ 917.9, subd. (a)(3) [discretionary stay allowed if "[t]he judgment against appellant is solely for costs awarded to the respondent by the trial court pursuant to Chapter 6 (commencing with Section 1021) of Title 14"].) This language was also added to the Code of Civil Procedure in 1993. (Stats. 1993, ch. 456, § 14, p. 2535.) It fits hand in glove with a liberal costs-only judgment rule. In a case where the costs

---

[8] Perhaps the Legislature should consider adding a new subdivision to section 917.1, subdivision (a), requiring awards of attorney fees to be bonded (like fees under § 998 and § 1114.21). Or perhaps the Legislature should consider requiring a bond for any award of costs in excess of a fixed amount (e.g., $50,000, $100,000 . . . ).

17

judgment is large or the danger of asset dissipation is acute, a trial court can mitigate any injustices arising from the costs-only judgment rule. (See Assem. Com. on Judiciary, Analysis of Assem. Bill No. 58 (1993-1994 Reg. Sess.) § V, p. 6. [after bullet point indicating amendment would codify *Bank of San Pedro* for specified statutes, the next bullet point indicates that the § 917.9 amendment would "give the trial court the discretion to condition a stay of an award of costs in all other cases upon the filing of a sufficient bond or undertaking"].)

No argument was made here or below that a discretionary undertaking should be imposed under section 917.9. Many of the points made by Quiles in opposition to this supersedeas petition (e.g., Parent's alleged bad faith in managing the underlying litigation, Parent's alleged attempts to arrange his financial affairs to become judgment proof, the underlying purposes of the FLSA to empower employees in litigation against employers), are better directed to the trial court's discretion under section 917.9. We are determining whether Parent is entitled to prevail on the discrete legal issue presented.

*The Instant Case – Costs-Only Judgment or Money Judgment?*

The court granted in part and denied in part Parent's motion to tax costs sought by Quiles in her costs memorandum. The court awarded costs in the amount of $50,591.69. This award consisted of the following categories: motion and filing fees; service and postage fees; transportation and lodging; copying costs; exhibit costs; mediation costs; transcripts not ordered by the court; transportation and lodging; investigation costs; and deposition costs.

The court granted in part Quiles' motion for attorney fees, eliminating some of the requested amounts as unreasonable or not supported by law. The court ultimately awarded $689,310.04 in attorney fees.

18

Much of the parties' analysis focuses on the routine/non-routine dichotomy. As discussed above, our concern is whether the attorney fees and other costs were awarded under sections 1021 to 1038.

State procedural rules apply to federal causes of action in state court, unless the federal right is defeated thereby. (*Felder v. Casey* (1988) 487 U.S. 131, 138.) Generally speaking, the use of California postjudgment procedures to recover attorney fees and costs authorized by a federal statute does not appear to be inconsistent with federal law. (See *Gill v. Hughes* (1991) 227 Cal.App.3d 1299, 1310 [assessing award of attorney fees under 42 U.S.C. § 1988 in state court postjudgment proceedings].)

Recall that the operative FLSA statute required the court to award Quiles attorney fees and costs. (29 U.S.C. § 216(b) ["The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"].)

At first glance, it certainly looks like the FLSA deems attorney fees and costs to be something apart from the damages awarded as part of an initial money judgment. The statute requires the award of attorney fees and costs "*in addition* to any judgment." (29 U.S.C. § 216(b), italics added; see *Gortat v. Capala Bros., Inc.* (2d Cir. 2015) 795 F.3d 292, 295 [reviewing postjudgment award of attorney fees and costs to prevailing employee under 29 U.S.C. § 216(b)].) And the postjudgment proceedings authorized by the California Rules of Court and section 1021 et seq. provide a mechanism to allow Quiles to recover the attorney fees and costs authorized by 29 U.S.C. § 216(b). The trial court was rightly operating under California state procedural rules in entertaining Quiles' request for attorney fees and costs.

But there is a statutory hiccup for Parent. Clearly, attorney fees authorized by statute are *allowable* as costs under section 1033.5, subdivision (a)(10)(B). However, section 1033.5, subdivision (c)(5)(A), states: "If a *statute of this state* refers to the award of 'costs and attorney's fees,' attorney's fees *are an item and component of the costs* to

19

be awarded and are allowable as costs . . . ." (Italics added.) By negative inference, one might posit that attorney fees authorized by a statute not of this state are not an item and component of costs. The FLSA is decidedly not a "statute of this state." Thus, there is at least a plausible statutory argument that the attorney fees awarded here were not awarded as costs pursuant to section 1021 et seq.

On the other hand, attorney fees can also be costs when authorized by "[l]aw." (§ 1033.5, subd. (a)(10)(C).) There is no language in section 1033.5 to suggest that such "[l]aw" is limited to "law of this state." Even assuming the Legislature meant to distinguish between federal and state statutes (a doubtful proposition), there is a still a broad backstop to prevent the attorney fees in cases like the instant one from being assigned to a nether region outside the framework of section 1033.5.

As to the $50,591.69 in costs, the trial court found "that federal law applies to the extent it permits recovery of types of costs above [section] 1033.5." The statute at issue (29 U.S.C. § 216(b)) does not specifically discuss the types of costs to be awarded, but federal case law supports awarding a broad measure of costs, not limited by statutory lists of generally allowable costs. (*Smith v. Diffee Ford-Lincoln-Mercury, Inc.* (10th Cir. 2002) 298 F.3d 955, 968-969 [FLSA costs include "reasonable out-of-pocket expenses" beyond those normally allowed under federal rules]; see also *Herold v. Hajoca Corp.* (4th Cir. 1988) 864 F.2d 317, 323 ["where attorney's fees are expressly authorized by statute (as they are in 29 U.S.C. § 216(b)),[] the trial court is not limited to [ordinary costs], but, in addition, has authority to include litigation expenses as part of a 'reasonable attorney's fee'"].)

The petition takes issue with the court awarding postage and copying costs, investigation costs, and travel costs and meals unrelated to depositions. The petition claims these costs are not allowed under section 1033.5. (See § 1033.5, subd. (b)(2) [investigation expenses in preparing for trial not allowed unless expressly authorized by law], (3) [postage, telephone, and photocopying charges, except for exhibits, not allowed

20

unless expressly authorized by law].) It does not appear that 29 U.S.C. § 216(b) itself expressly authorizes these costs as an incident to prevailing. To the extent these discretionary costs can be recovered under federal substantive law (e.g., cases interpreting 29 U.S.C. § 216(b)) but generally cannot be recovered under section 1033.5, Quiles' position that the supersedeas petition should be denied is strengthened. Of course, the counterargument is that these costs are "expressly authorized by law" (§ 1033.5, subd. (b)) and are therefore recoverable notwithstanding the illusory proscriptions contained within section 1033.5, subdivision (b).[9]

In addition, there is no equivalent in federal procedure to the California rule *automatically* staying a costs-only judgment. (See Fed. Rules Civ. Proc., rules 54, 62, 28 U.S.C.) "Enforcement of a final judgment is not generally stayed during the pendency of an appeal." (*American Color Graphics, Inc. v. Travelers Prop. Cas. Ins. Co.* (N.D.Cal. May 22, 2007, No. C 04-3518) 2007 U.S.Dist. Lexis 40600.) Federal courts have discretion to stay enforcement without a bond or with a reduced bond. (*Lightfoot v. Walker* (7th Cir. 1986) 797 F.2d 505, 506-507.) This differentiation in federal and state law also lends some support to a conclusion that an award of attorney fees and costs (in excess of those allowed by § 1033.5) pursuant to a federal statute should not be treated as "costs awarded under Chapter 6 (commencing with Section 1021) of Title 14." (§ 917.1, subd. (d).) FLSA plaintiffs' rights under that statute should not be impaired because of their choice of a state court.

In sum, there are substantial arguments supporting Quiles' position. But there are even stronger arguments in support of Parent. The analytical framework for section 917.1 cases developed above greatly simplifies this area of law by placing the language of the relevant statutes at the forefront. A cost is a cost, unless specifically excepted in section 917.1, subdivision (a). Though somewhat ambiguous, the best

---

[9] To be clear, we take no position on the merits of this question (i.e., are these authorized costs?). That will be decided in the decision on appeal.

21

interpretation of section 1033.5 is that costs awarded under a federal statute and federal case law are still costs for purposes of state law. (§ 1033.5, subds. (a)(16), (b), (c)(4).) And California law provides for a discretionary undertaking (§ 917.9, subd. (a)(3)) for litigants like Quiles, who have recovered substantial attorney fee awards in state court. Though the default setting may be different than the procedure in federal court, section 917.1 does not undermine Quiles' substantive rights.

## DISPOSITION

Let a writ of supersedeas issue staying enforcement of the remaining amount owed on the judgment, which consists of attorney fees and costs awarded to Quiles and against Parent. The temporary stay imposed by this court on February 16, 2017, shall remain in place pending finality of this opinion.

The stay of enforcement proceedings shall not apply to any orders deemed necessary by the trial court to recall or quash writs of execution and levies previously issued. Nor shall the stay of enforcement proceedings apply to any motion brought or relief provided under section 917.9. This court does not intend to express any view as to the merits of any potential motion under section 917.9.